CRABTREE ET AL., APPELLANTS, *v.* SHULTZ ET AL., APPELLEES.

[Cite as Crabtree v. Shultz (1977), 57 Ohio App. 2d 33.]

(No. 77AP-413—Decided December 8, 1977.)

*Messrs. Bolon & Teegardin,* for appellants.

*Messrs. Riley, Ucker & Lavinsky,* for appellee John P. Shultz et al.

*Messrs. Lane, Alton & Horst, Mr. David L. Day, Messrs. Crabbe, Brown, Jones, Potts & Schmidt,* and *Mr. Vincent J. Lodico,* for appellee A. J. Gasbarro et al.

HOLMES, J. This matter involves the appeal of a judgment of the Common Pleas Court of Franklin County, where the trial court had sustained motions for summary judgment as made by the defendants John and Rebecca Schultz, and the defendants A. J. and Jean Gasbarro.

The facts in brief upon which this matter had been filed in the Common Pleas Court, and now appealed to this court, are as follows. Tami Sue Crabtree, a minor of the age of 11 years at the time of this incident, was a young lady who had a great interest in horses, and was living adjacent to the Gasbarros on property which had been leased from them by her parents. On this property, which was near Hilliard in Franklin County, the Gasbarros maintained some horses, a barn, pasture land, and a small horse track.

Tami Sue enjoyed exercising some of the horses belonging to the Gasbarros, and particularly enjoyed riding a horse named Candy. Tami would ride both in the pasture field and upon the horse track. It appears from the record that Tami also helped to clean out the Gasbarro stables when the Gasbarros were gone for certain periods of time.

It also appears from the record that the Gasbarros had in the past permitted certain of the neighbor boys, as well as their own son and the defendant J. Michael Shultz, who was 14 years of age at the time of the incident herein, to use the pasture fields for riding mini-bikes and motorcycles. The record shows that Mrs. Gasbarro had previously told Michael and her son Rocky, as well as others, that the motorcycles were not to be ridden in the pasture or in the area of the riding ring if there were horses being ridden or worked in those particular areas.

It appears that Tami, on May 31, 1974, was walking the horse Candy subsequent to having ridden the horse, and that defendant Michael Schultz had ridden his mini-bike into the field in which Tami was walking the horse. The sounds and movement of the bike apparently roused and scared the horse, and it bounded away, dragging Tami a distance, severely injuring her. This action was brought by her parents as next friends to recover for such injuries.

Upon the trial court sustaining the motions for summary judgment of defendants Mr. and Mrs. Shultz, and Mr. and Mrs. Gasbarro, the plaintiffs appealed, setting forth the following assignments of error:

"I. The court erred in sustaining defendants' A. J. Gasbarro's and Jean Gasbarro's motion for summary judgment.

"II. The court erred in sustaining defendants' John P. Shultz's and Rebecca Shultz's motion for summary judgment."

We must dismiss the assignment of error relating to the Gasbarros. The facts show that Tami came upon the property basically for her own enjoyment, and to engage in those activities which not only gave her pleasure, but also to enhance her experience and capability in handling horses for purposes of showing them. Coming upon the

property in such a stance, she would normally be considered a licensee for purposes of ascertaining a property owner's duty of care toward her. The duty of a property owner to a licensee is not to injure him or her by willful or wanton misconduct or any affirmative act of negligence *Scheurer* v. *Trustees of the Open Bible Church* (1963), 175 Ohio St. 163.

It can conceivably be argued that Tami, in coming upon the property of the Gasbarros, had been invited to do so in order to serve their purposes in that she exercised their horses and cleaned the stables, or that Tami might be considered a social guest, or invitee. In either instance, Tami would be considered, for purposes of the Gasbarros' duty of care, an invitee. The duty of care owed to one in such a status is that of ordinary care, and to warn the guest of any condition of the premises which is known to the host as being potentially dangerous. See *Scheibel* v. *Lipton* (1951), 156 Ohio St. 308.

However, even though Tami might be considered a social guest, the material before the court by way of depositions would show that the duty of ordinary care that the Gasbarros owed Tami had in fact been carried out. The record shows that the Gasbarros had made it generally known that motor bikes were not to be in the areas where the horses were being worked or ridden. It was shown that this defendant, Michael Shultz, had been told not to ride his cycle in the area where people might be with horses. It also appears that the Gasbarros had no knowledge until after the incident that Michael was in the area in which Tami was walking the horse Candy. We hold that the Gasbarros did all that could have been reasonably expected of them to prevent that which, most unfortunately, occurred here.

The Gasbarros also argue that Tami should be considered a "recreational user" of their property, within the meaning of R. C. 1533.18 and 1533.181. The latter section is as follows:.

"(A) No owner, lessee, or occupant of premises:

"(1) Owes any duty to a recreational user to keep the premises safe for entry or use;

"(2) Extends any assurance to a recreational user, through the act of giving permission, that the premises are safe for entry or use;

"(3) Assumes responsibility for or incurs liability for any injury to person or property caused by any act of a recreational user."

The definition of "premises" and "recreational user" as contained in R. C. 1533.18 is as follows:

"(A) 'Premises' means all privately-owned lands, ways, waters, and any buildings and structures thereon, and all state-owned lands, ways, and waters leased to a private person, firm, organization, or corporation, including any buildings and structures thereon.

"(B) 'Recreational user' means a person to whom permission has been granted, without the payment of a fee or consideration to the owner, lessee, or occupant of premises, other than a fee or consideration paid to the state or any agency thereof, to enter upon premises to hunt, fish, trap, camp, hike, swim, or engage in other recreational pursuits."

Although these sections are generally considered to be applicable primarily to more remote areas for the sports of hunting and fishing, it would seem reasonable that such sections could be held applicable to this property and for the "other recreational pursuit" of horseback riding.

Based upon all of the above, the first assignment of error is hereby overruled.

As to the second assignment of error, the plaintiff-appellants argue that there has been a violation by Mr. and Mrs. Shultz of R. C. 4519.44 in permitting their son Michael, a boy 14 years old, to operate the motorcycle without being properly accompanied by another person 18 years of age, or older, who is properly licensed. Such section of law, as relied upon by the plaintiffs is as follows:

"(A) No person who does not hold a valid, current motor vehicle operator's or chauffeur's license, motorcycle operator's endorsement, or probationary license, issued under Chapter 4507 of the Ohio Revised Code, shall oper-

ate a snowmobile, or all purpose vehicle on any street or highway in this state, on any portion of the right-of-way thereof, or on any public land or waters.

"(B) No person who is less than sixteen years of age shall operate a snowmobile, or all purpose vehicle on any land or waters, other than private property or waters owned by or leased to such person's parent or guardian, unless accompanied by another person who is eighteen years of age, or older, and who holds a license as provided in division (A) of this section except that the department of natural resources may permit such operation on state controlled land under its jurisdiction when such person is less than sixteen years of age, but is twelve years of age or older and is accompanied by a parent or guardian who is a licensed driver, eighteen years of age or older."

The plaintiffs further argue that such a law has been enacted for the general protection of the public, and that any violation of such is negligence as a matter of law. The plaintiffs rely upon the case of *Wery* v. *Seff* (1940), 136 Ohio St. 307, for such legal proposition.

We must disagree with the position of the plaintiffs in this regard. The statute as relied upon by the plaintiffs is not one which by its terms makes the parents of a minor liable for entrusting a vehicle to such an unlicensed child. R. C. 4519.44 does prohibit a 14 year old, as in this instance, from riding a motorcycle or mini-bike on any property other than that owned or leased to his parents unless he is accompanied by a properly licensed driver, 18 years of age or older. However, this statute as drafted is only prohibition against conduct of the minor, not against conduct of the parents.

In the *Wery* v. *Seff* case, the Supreme Court of Ohio was considering a municipal ordinance of the city of Akron, specifically making it unlawful for the owner of a motor vehicle to permit a person under the age of 16 years to drive a vehicle on the public thoroughfare without having a mature person of good judgment riding in the automobile with him, and providing a penalty for the violation thereof. The plaintiff in *Seff* alleged that she sustained damages because the father of a 15-year-old boy had al-

lowed his son to drive the father's car on a public highway without a qualified person being present in the vehicle, and that she had been injured as the result of a collision caused by the boy's negligent operation of the automobile. The trial court sustained demurrers filed on behalf of each of the defendants, but the Court of Appeals reversed and certified the case to the Supreme Court for consideration.

The Supreme Court, under the facts of that case, noted that the violation of a statute or ordinance passed in the interest of public safety and prescribing a rule of conduct constitutes negligence as a matter of law, and determined that the particular municipal ordinance of the city of Akron fell within this classification. The court found that there was a basis for liability against the father by reason of his allowing his son to operate the automobile contrary to the terms of the municipal ordinance.

The Supreme Court of Ohio, in a case subsequent to *Wery* v. *Seff*, discussed the question of whether the entrustment of a vehicle contrary to law to one who did not have a driver's license constituted negligence as a matter of law, in the case of *Mt. Nebo Baptist Chuch* v. *Cleveland Crafts Co.* (1950), 154 Ohio St. 185.

The particular statute construed by the Supreme Court in the *Cleveland Crafts Co.* case was G. C. 6296-28, now R. C 4507.33, which is as follows:

"No person shall authorize or knowingly permit a motor vehicle owned by him or under his control to be driven by any person who has no legal right to do so or whose act of driving said vehicle would violate sections 4507.01 to 4507.39, inclusive, of the Revised Code."

The syllabus in the *Cleveland Crafts Co.* case is as follows:

"1. The entrustment of an automobile by its owner to a person who does not have a driver's license, in violation of the provision of Section 6296-28, General Code, that 'no person shall authorize or knowingly permit a motor vehicle owned by him or under his control to be driven by any person who has no legal right to do so,' does not of itself constitute negligence as a matter of law.

"2. To establish negligence of the owner of a motor

vehicle in such a case, it is essential that it be shown by competent evidence that the owner of the automobile had knowledge of the driver's incompetence, inexperience or reckless tendency as an operator, or that the owner, in the exercise of ordinary care, should have known thereof from facts and circumstances with which he was acquainted. (*Williamson* v. *Eclipse Motor Lines, Inc.*, 145 Ohio St. 467, approved and followed.)''

The Supreme Court's holding in *Mt. Nebo Baptist Church* v. *Cleveland Crafts Co.* was to the effect that the mere entrustment of an automobile by an owner to an unlicensed driver did not constitute negligence as a matter of law to render the owner liabile for any injurious consequences. Conversely, the court's holding was to the effect that such an owner must not only have knowledge that the driver was in fact unlicensed, but also have knowledge that the driver was incompetent to properly drive the vehicle, or was unsafe or reckless in such driving.

Concluding, the Supreme Court, in *Mt. Nebo Baptist Church* v. *Cleveland Crafts Co.*, held that the mere absence of the driver's license would not be sufficient evidence to establish the incompetency of the driver, nor sufficient evidence to show that the violation of the statute requiring the license was the proximate cause of the injury.

Here, there was evidence that the defendant John Michael Shultz, the son of defendants John P. Shultz and Rebecca Shultz, was a qualified and experienced operator of the mini-bike upon which he was riding at the time of the incident. There was no evidence that he was either irresponsible or reckless in his prior operation of such vehicle. Therefore, there would appear to be no evidence upon which there could reasonably have been a finding that Mr. and Mrs. Shultz had acted imprudently in allowing their son to operate this mini-bike.

Therefore, based upon the principles enunciated in *Mt. Nebo Baptist Church* v. *Cleveland Crafts Co.*, the fact that Mr. and Mrs. Shultz had entrusted the mini-bike to their son would not constitute negligence per se.

Accordingly, the second assignment of error of the plaintiffs-appellants is hereby overruled.

Based upon all of the foregoing, the judgment of the Common Pleas Court of Franklin County is hereby affirmed.

*Judgment affirmed.*

REILLY, J., concurs.

McCORMAC, J., concurs in part and dissents in part.

McCORMAC, J., concurring in part and dissenting in part. I concur with the majority in affirming the summary judgment for Gasbarros, but dissent as to the summary judgment for John P. and Rebecca Shultz.

R. C. 4507.33 provides, as pertinent, as follows:

"No person shall authorize or knowingly permit a motor vehicle owned by him or under his control to be driven by any person who has no legal right to do so * * *."

One of the prohibitions against a person's right to operate a motor vehicle is prescribed by R. C. 4519.44, as an all-purpose vehicle, or snowmobile, is a motor vehicle within the definition of R. C. 4501.01(B). R. C. 4519.44(B) prohibits a person less than 16 years of age from operating an all purpose vehicle on the land of another unless accompanied by another person 18 years of age or older who holds a valid operator's license

John P. and Rebecca Shultz, the parents of 14 year old J. Michael Shultz, knowingly permitted him to operate a motor vehicle under their control in a location where J. Michael Shultz had no legal right to operate the motor vehicle while unaccompanied by a licensed operator.

The restrictions contained in R. C. 4519.44 are intended to make a person of tender years incompetent, as a matter of law, to operate an all purpose vehicle, except when properly supervised, in areas where others may be encountered. It recognizes the hazards inherent to the operation of such vehicles by an immature operator, regardless of how technically competent that operator may be. The accident alleged in this case is one that probably would not have occurred had a qualified person supervised the 14 year old operator, if it is proved, as alleged, that the

motorcycle was operated in such close proximity to plaintiff that her horse was spooked, causing her injury.

In my opinion, the majority misconstrues the holding of the Supreme Court in *Mt. Nebo Baptist Church* v. *Cleveland Crafts Co.* (1950), 154 Ohio St. 185, and its impact upon *Wery* v. *Seff* (1940), 136 Ohio St. 307. In *Wery*, the Supreme Court declared the law of Ohio to be as follows:

"2. The violation of an ordinance making it unlawful for the owner of a motor vehicle to permit a person under the age of sixteen years to operate such vehicle upon any thoroughfare of the municipality constitutes negligence as a matter of law." (Syllabus.)

In *Wery*, the parent of a 15-year-old boy was held to be negligent as a matter of law in permitting his immature youngster to operate a motor vehicle upon the highway in violation of an ordinance of the city of Akron, which is similar to R. C. 4507.33.

The majority apparently considers that paragraph two of the syllabus of the *Wery* case has been altered by the *Cleveland Crafts Co.* case. However, neither *Cleveland Crafts*, nor the case which it approves, *Williamson* v. *Eclipse Motor Lines, Inc.* (1945), 145 Ohio St. 467, directly or indirectly, affects paragraph two of the syllabus of *Wery*. Both *Cleveland Crafts* and *Williamson* involved the entrustment by the owner of an automobile to an adult who was legally competent to obtain a driver's license although, in each case, no driver's license had been obtained. In *Williamson*, it was held that in order to hold the entrusting owner responsible, it must be shown that the owner had knowledge of the driver's incompetence. That holding was reiterated in *Cleveland Crafts*.

The Ohio Supreme Court decided the case of *Gulla* v. *Straus* (1950), 154 Ohio St. 193, on the same day the *Cleveland Crafts* case was decided. Paragraph 5 of the syllabus of *Gulla* is pertinent herein:

"In an action against the owner of a motor vehicle for injury arising from its entrustment for operation, the burden is upon the plaintiff to establish that the motor vehicle was driven with the permission and authority of

the owners; that the entrustee was in fact an incompetent driver; and that the owner knew at the time of the entrustment that the entrustee had no driver's license, or that he was incompetent or unqualified to operate the vehicle, or had knowledge of such facts and circumstances as would imply knowledge on the part of the owner of such incompetency."

Within the body of the *Gulla* decision, *Wery* is cited with approval as support for the following statement:

"It is a well settled rule of law that the owner of a motor vehicle may be held liable for an injury to a third person resulting from the operation of the vehicle by an inexperienced or incompetent driver, upon the ground of negligence, if the owner knowingly, either through actual knowledge or through knowledge implied from known facts and circumstances, entrusts its operation to such a driver." (Page 198.)

Moreover, in *Gulla, supra,* at 199, the court pointed out that liability may be predicated upon the combined negligence of the owner and driver where a father permitted his 15 year old son to operate the owner's automobile in violation of a city ordinance, making it unlawful for the owner of a motor vehicle to permit a person under the age of 16 years to operate the vehicle on any public street, citing *Wery* as authority.

In this case, the evidence shows that the all purpose vehicle was driven with the permission and authority of the 14 year old operator's parents, the ones having control of the motorcycle; that the entrustee was an incompetent driver by virtue of the age limitations set forth in R. C. 4519.44; and that the entrustors knew, at the time of entrustment, that the entrustee was statutorily incompetent to operate the vehicle without supervision.

R. C. 4519.44 was designed to protect the public against damages caused by an immature operator of an all purpose vehicle in an area other than private property owned by or leased to the person operating the vehicle or his parents or guardian.

The summary judgment in favor of the parents of J. Michael Shultz should be reversed.