HAGER, APPELLANT, *v.* GRIESSE ET AL., APPELLEES.

(No. CA-3127—Decided December 19, 1985.)

*J. Michael King,* for appellant.
*L. James Gordon,* for appellees.

MILLIGAN, J. Plaintiff-appellant, Scott Hager, filed suit in the Licking County Court of Common Pleas alleging that defendants-appellees, the Griesses, were negligent in hosting a pool party. Appellant attended the party by invitation. After several hours of drinking, appellant engaged in horseplay with another guest, which resulted in the other person being thrown into the pool. Appellant thereafter departed for more beer, and returned to engage in further horseplay. This time both individuals ended up falling into the pool, with appellant striking his head on the bottom of the pool at the shallow end. Appellant managed to get out of the pool, and he remained at the party sometime thereafter, not mentioning the extent of his alleged injuries to anyone. He remained at the Griesse residence for approximately thirty-five minutes after striking his head, whereupon appellant left driving his own vehicle. Appellant ended up in a car accident on his return home, colliding with an unlit dumpster parked on the highway.

Appellant's complaint alleged that appellees were negligent in hosting the party, and that this negligence proximately caused the injury to appellant which left him a quadriplegic. Appellees filed a motion for summary judgment upon the ground that they owed no duty to appellant or, at best, owed him only the duty of ordinary care; and that the contributory negligence of, or assumption of risk by, the appellant barred the case from being tried as a matter of law. Appellees relied solely upon the deposition of appellant in support of their motion for summary judgment.

The trial court granted summary judgment for appellees. The court held that there was no genuine issue of material fact, and that appellant was barred as a matter of law from seeking recovery for his injuries allegedly caused

by appellees' negligence. Appellant appeals, assigning as error:

"Assignment of Error No. I

"The trial court erred in granting summary judgment for defendants-appellees because the undisputed facts disclose that they owed a duty to the plaintiff-appellant, a social guest, and that a jury question is presented as to whether they failed to meet that duty.

"Assignment of Error No. II

"The trial court erred in finding that the defendants-appellees owed no duty to the plaintiff-appellant because he was a recreational user of their premises.

"Assignment of Error No. III

"The trial court erred in determining that the alleged contributory negligence and/or assumption of risk by the plaintiff-appellant barred his recovery as a matter of law."

We address each assignment of error accordingly.

I

Appellant argues that the undisputed facts of this case are sufficient to show that appellees owed appellant the duty owed a social guest. The duty owed by a host to a social guest is ordinary care. *Scheibel* v. *Lipton* (1951), 156 Ohio St. 308, 46 O.O. 177, 102 N.E. 2d 453. The *Scheibel* court at paragraph three of the syllabus set forth the following in this regard:

"A host who invites a social guest to his premises owes the guest the duty (1) to exercise *ordinary care* not to cause injury to his guest by any act of the host or by any activities carried on by the host while the guest is on the premises, and (2) to warn the guest of any condition of the premises which is known to the host and which one of *ordinary prudence and foresight* in the position of the host should reasonably consider dangerous, if the host has reason to believe that the guest does not know and

will not discover such dangerous condition." (Emphasis added.)

Appellant argues that *Scheibel* stands for the proposition that the standard of care owed to a social guest is higher than that owed to a licensee. His reliance on *Durst* v. *Van Gundy* (1982), 8 Ohio App. 3d 72, 8 OBR 103, 455 N.E. 2d 1319, however, is misplaced. "A licensee is a person who is privileged to enter or remain on land only by virtue of the possessor's consent." 2 Restatement of the Law 2d, Torts (1965) 172, Section 330; see, also, *Niebes* v. *Fraternal Order of Eagles* (1953), 94 Ohio App. 21, 29, 51 O.O. 258, 261, 114 N.E. 2d 260, 264. In describing those persons included under this definition, the Restatement of the Law 2d, Torts, *supra,* states in Comment *h,* at 175:

"*h. Persons included.* Included under licensees, among others, are three types of persons:

"* * *

"3. Social guests. Some confusion has resulted from the fact that, although a social guest normally is invited, and even urged to come, he is not an 'invitee,' within the legal meaning of that term, as stated in § 332. He does not come as a member of the public on premises held open to the public for that purpose, and he does not enter for a purpose directly or indirectly connected with business dealings with the possessor. The use of the premises is extended to him merely as a personal favor to him. The explanation usually given by the courts for the classification of social guests as licensees is that there is a common understanding that the guest is expected to take the premises as the possessor himself uses them, and does not expect and is not entitled to expect that they will be prepared for his reception, or that precautions will be taken for his safety, in any manner in which the possessor does not prepare or take precautions for his own safety, or that of the members of his family. This has not

gone without criticism, and an undercurrent of dissent, based upon the contention that it is not in accord with modern social custom and understanding when a guest is invited; but the decisions thus far have been all but unanimous to the effect that the social guest is no more than a licensee.''

See, generally, James, Tort Liability of Occupiers of Land: Duties Owed to Licensees and Invitees (1954), 63 Yale L.J. 605.

Finally, we note that Ohio law, as defined in *Scheibel,* corresponds to that outlined in the Restatement of Torts. See *Scheibel, supra,* at paragraph three of the syllabus, and 2 Restatement of the Law 2d, Torts, *supra,* at Sections 341 and 342.

Thus, appellees owed a duty of ordinary care to appellant only to refrain from an act of negligence and to warn of concealed or hidden dangers upon the premises.

The record of this case reveals no act of negligence or failure to warn of concealable hidden dangers upon the premises on the part of appellees. First, appellant initiated the horseplay which resulted in his dive into the shallow end of the swimming pool. The fact that appellees furnished beer to their social guests does not alter our analysis on these facts. See *Settlemyer* v. *Wilmington Veterans Post No. 49* (1984), 11 Ohio St. 3d 123, 11 OBR 421, 464 N.E. 2d 521 (held: a social provider of alcoholic beverages is not to be held to the same duty of care as a commercial proprietor). Appellant fails to show that his injuries resulted from appellees' failure to exercise ordinary care in supervising the activities conducted by them on the premises.

Second, appellees violated no duty to warn. A host has a duty to warn a guest only if (1) a condition known to the host exists which one of ordinary prudence and foresight should reasonably consider dangerous, and (2) the host has reason to believe the guest does not know and will not discover such dangerous conditions. *Scheibel, supra,* at paragraph three of the syllabus. The swimming pool in the instant case was not concealed or hidden. Furthermore, it is common knowledge that the depth of a pool may vary. Finally, appellant was fully aware of the presence and location of the pool, even though the pool area was unlighted.

There can be no liability for negligence absent a duty owed to the particular plaintiff, and a breach thereof. *Keister* v. *Park Centre Lanes* (1981), 3 Ohio App. 3d 19, 3 OBR 20, 443 N.E. 2d 532; see, also, Prosser & Keaton, Law of Torts (5 Ed. 1984) 164-165, at Section 30. The court below was correct to find that appellees owed no duty toward appellant as a social guest regarding the supervision of appellant or other guests, and owed no duty to warn appellant.

We accordingly overrule the first assignment of error.

## II

Appellant next contends that the finding that he was a "recreational user" under R.C. 1533.18 and 1533.181, and not a social guest, is reversible error. Appellant argues that he and his activities fall outside the scope of the statute. We disagree.

Statutory immunity is provided by R.C. 1533.181, which reads in pertinent part:

"(A) No owner, lessee, or occupant of premises:

"(1) Owes any duty to a recreational user to keep the premises safe for entry or use; * * *.''

The term "premises" is defined in R.C. 1533.18(A) as:

"* * * all privately-owned lands, ways, waters, and any buildings and structures thereon, and all state-owned lands, ways, and waters leased to a private person, firm, organization or

corporation, including any buildings and structures thereon."

"Recreational user" is defined in R.C. 1533.18(B) as:

"* * * a person to whom permission has been granted, without the payment of a fee or consideration to the owner, lessee, or occupant of the premises, other than a fee or consideration paid to the state or any agency thereof, to enter upon premises to hunt, fish, trap, camp, hike, swim, or engage in other recreational pursuits."

Appellant argues that he was not "swimming" or "engaged in other recreational pursuits," and thus is outside the scope of the statute. "Swimming" may or may not include what occurred in this case, i.e., wrestling with another which results in both men falling into the pool. Such activity, however, does come within the scope of the broadly defined "other recreational pursuits" provision of the statute. See *Marrek* v. *Cleveland Metroparks Bd. of Commrs.* (1984), 9 Ohio St. 3d 194, 9 OBR 508, 459 N.E. 2d 873 (includes sledding); *Fetherolf* v. *State* (1982), 7 Ohio App. 3d 110, 7 OBR 142, 454 N.E. 2d 564 (includes watching others swim); *Crabtree* v. *Shultz* (1977), 57 Ohio App. 2d 33, 11 O.O. 3d 31, 384 N.E. 2d 1294 (includes horseback riding). The fact that appellant had no intent to engage in such activities when he arrived at the party is irrelevant since a "recreational user" is one who has permission *to enter* upon premises without the payment of a fee or consideration. R.C. 1533.18(B); *Moss* v. *Dept. of Natural Resources* (1980), 62 Ohio St. 2d 138, 142, 16 O.O. 3d 161, 163-164, 404 N.E. 2d 742, 745. Thus, appellees, as possessors of privately owned lands, owed no duty to appellant, as a recreational user, to keep their premises safe for entry or use.

Appellant argues that the recreational-user statute, as part of the Natural Resources Act, is inapplicable, as a matter of policy, to a private swimming pool. Specifically, he argues that the statute repeals the duties owed to a social guest and a licensee, while leaving intact the limited obligation owed to a trespasser. In effect, trespassers are treated better under the statute than invitees, licensees, and social guests. If the legislature had intended such a result, appellant contends, it would not have "buried" such a statute in the hunting and fishing section of R.C. Title 15 (conservation of natural resources).

Appellant's argument is attractive. See, generally, Wilkins, The Wrongful Death of Willie McCord — Or — Beware of "Free" Public Parks — The Ghosts of Immunity and the Ohio Guest Statute Still Roam! (1978), 47 U. Cin. L. Rev. 591. The statute is "inartfully drafted" making interpretation difficult. See *Marrek, supra,* at 197, 9 OBR at 510, 459 N.E. 2d at 876. And although the statute is "generally considered to be applicable primarily to more remote areas for the sports of hunting and fishing," *Crabtree, supra,* at 36, 11 O.O. 3d at 33, 384 N.E. 2d at 1296, courts have given the term "other recreational pursuits" an expansive interpretation. See *Marrek, supra; Crabtree, supra; Fetherolf, supra.* Until the Ohio Supreme Court provides more definitive guidelines on the scope of the statute, we give the statute the broad reading which other Ohio courts have accorded it.

We overrule the second assignment of error.

### III

Appellant argues that the trial court erred in determining that alleged contributory negligence, or assumption of risk, barred recovery as a matter of law. The point, however, is moot. Since appellees owed no duty to appellant, they cannot be liable. Their alleged negligence is analytically ignored; the alleged negligence, and the alleged proximate cause of appellant's injuries, are not a

part of the calculus prescribed by Ohio's comparative negligence statute. See R.C. 2315.19. The trial court's failure to apply the comparative negligence statute correctly is not prejudicial error where the defendants owed no duty to the plaintiff. See *Seeley* v. *Rahe* (1985), 16 Ohio St. 3d 25, 16 OBR 374, 475 N.E. 2d 1271 (held: failure to apply comparative negligence statute is not prejudicial error where the jury specifically found that none of the parties was negligent).

We accordingly overrule the third assignment of error.

Having overruled all assignments of error, we affirm the decision of the court of common pleas.

*Judgment affirmed.*

PUTMAN, P.J., and TURPIN, J., concur.