## Simmers v.
## Bentley Construction Co.
### [Cite as 6 AOA 142]

*Case No. CA-2747*
*Richland County, (5th)*
*Decided August 20, 1990*

*Paul Michael Doucher, 115 West Main Street, Columbus, Ohio 43215-5043, for Plaintiffs-Appellants.*

*Patrick F. Smith, 41 South High Street, Suite 2600, Columbus, Ohio 43215, for Defendants-Appellees.*

*Patrick J. Smith, 41 South High Street, Columbus, Ohio 43215, for Defendants-Appellees.*

MILLIGAN, J.

On August 27, 1987, Gerald Simmers, a 14 year old minor, fell through a hole in a railroad bridge owned by CSXT, Inc., sustaining severe personal injuries.

On October 12, 1988, Simmers and his father sued CSXT and Bentley Construction Company for personal injuries as a result of the fall.

On January 11, 1990, the Richland County Common Pleas Court granted summary judgment in favor of CSXT, dismissing them as a party to the pending action, now extant as to Bentley.[1]

The trial court favored us with its rationale for summary judgment which is attached and incorporated.

On the day in question, the fourteen year old plaintiff and a friend were walking in the area of the abandoned bridge owned by CSXT looking for a proposed bike trail to be built in the area. The weather was sunny and warm. The bridge is adjacent to a city owned recreational park in Lexington, Ohio. In 1987, CSXT removed the metal rails from the wooden bridge. Over the next fifteen months no CSXT employees worked in the area of the bridge and CSXT contracted with defendant Bentley to clean up the road bed and the bridge. When CSXT employees completed work on the bridge in May 1987, the bridge was in good condition.

Affidavit testimony was presented that on or about August 22, 1987, a front end loader operated by Bentley attempted to drive over the walkway boards of the bridge. The loader fell through the boards, creating a hole in the bridge requiring removal by a hydraulic jack and backhoe.

On the day in question, there was a hole fifteen foot by four foot in the bridge. (Plaintiffs described the hold as "gaping" in their complaint.)

Appellant's friend walked across the bridge first, followed by appellant. The friend walked around and past the hole but appellant, who was not watching where he was walking, but was adjusting his watchband the entire time from when he entered the bridge at the other end, fell into the hole.

There was no evidence refuting CSXT's claim that it had no notice of the hole prior to the date of the accident.

The trial court granted summary judgment on each of the three grounds requested by appellee CSXT. Appellants assign error to the summary judgment in each particular and add an error with respect to failure to apply the attractive nuisance doctrine:

"I. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO CSX TRANSPORTATION, INC. AS A MATTER OF LAW BY APPLYING THE RECREATIONAL USER STATUTE TO GRANT CSX TRANSPORTATION IMMUNITY FROM SUIT.

"II. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO CSX TRANSPORTATION, INC. AS A GENUINE ISSUE OF FACT EXISTS WITH REGARD TO WHETHER THE CONDITION ON THE RAILROAD TRESTLE WAS OPEN AND OBVIOUS.

"III. EVEN IF REASONABLE MINDS COULD NOT DIFFER ON WHETHER THE CONDITION ON THE TRESTLE WAS OPEN AND OBVIOUS, THE TRIAL COURT ERRED IN GRANTING JUDGMENT TO CSXT AS A MATTER OF LAW SINCE SUCH A CONCLUSION SHOULD NOT COMPLETELY BAR

PLAINTIFFS BUT SUCH CONDUCT SHOULD BE COMPARED TO DEFENDANT.

### "IV. THE TRIAL COURT ERRED IN FAILING TO APPLY THE ATTRACTIVE NUISANCE DOCTRINE."

We address the assignments of error in the order in which the issues were considered by the trial court.

### II

To predicate liability upon appellee, appellant must demonstrate a duty owed which was breached and proximately caused the injury. *Keister v. Park Centre Lanes* (1981), 3 Ohio App. 3d 19, 443 N.E. 2d 532, at syllabus.

Ohio law imposes no duty to warn a pedestrian of an open and obvious danger. *Sharp Realty Co. v. Forsha* (1930), 122 Ohio St. 368; *Paschal v. Rite Aid Pharmacy* (1985), 18 Ohio St. 3d 203, 480 N.E. 2d 474; *Hager v. Griesse* (1985), 29 Ohio App. 3d 329, 505 N.E. 2d 982; *Durst v. Van Gundy* (1982), 8 Ohio App. 3d 72, 455 N.E. 2d 1319; *McLaughlin v. Veterans' Children's Home* (1987), 37 Ohio App. 3d 136, 524 N.E. 2d 521.

Appellant argues that because he entered the 78 foot long bridge at its south end, some 60 feet from the hole, the hole was not obvious as appellant entered the bridge. Because he had walked the bridge previously, he had a right to infer that the premises were safe (i.e., that the 15 x 4 foot hole was not there). The argument is fatally flawed. Reasonable minds could not conclude other than that as appellant approached the gaping hole it was open and obvious clearly dangerous.

Appellants also argued that a jury question was created on the issue of the failure of CSXT to inspect the bridge and the work performed by Bentley, the same being wanton misconduct. Brief p. 9. The undisputed evidence is that the hole came into existence within a week of the accident. Reasonable minds could not conclude other than that there was no wanton misconduct on the part of CSXT, vis-a-vis inspection of the premises.

The second assignment of error is overruled.

### III

Appellants argue that summary judgment is inappropriate in the context of Ohio's relatively new doctrine of statutory comparative negligence, R.C. 2315.19. They argue that they are entitled to a jury determination apportioning the assumption of risk and contributory negligence of the appellant against the negligence of the appellee, CSXT.

We have already concluded that upon the facts and circumstances of this case the danger is open and obvious and CSXT has no duty to which a breach can be ascribed. Issues of comparative negligence are immaterial. Civ. R. 56(C).

Appellants' reliance upon *Anderson v. Ceccardi* (1983), 8 Ohio St. 3d 110, 451 N.E. 2d 780, is misplaced. There, the landlord had a statutory duty for the violation of which he was negligent *per se*.

The third assignment of error is overruled.

### I

*Recreational user. R.C. 1533.181.* The trial court also based its summary judgment on a conclusion that the landowner owes no responsibility for injuries sustained by recreational users consistent with R.C. 1533.181. Appellant argues that the trial court's focus upon the conclusion that the bridge was a "premises" and appellant was "hiking," misses the point that the property must also be held for public use, citing *Fryberger v. Lake Cable Recreational Assoc. Inc.* (1988), 40 Ohio St. 3d 349, 533 N.E.2d 738.

We have examined the respective arguments, vis-a-vis application of the recreational user statute, and conclude that the trial court's conclusions relative thereto are redundant and superfluous.

The summary judgment was so patently correct upon the grounds enunciated above that appellants could demonstrate no prejudice by the ruling with respect to the application of R.C. 1533.181 even if that application was erroneous.

We decline to proliferate legal rhetoric on an issue that is immaterial as a result of the summary judgment on other grounds. See 5 O.Jur. 3d, Appellate Review, sec. 610, *et seq.*

For the aforementioned reasons, the first assignment of error is overruled.

### IV

*Attractive nuisance doctrine.* Ohio continues to reject efforts to incorporate into its common law the doctrine of attractive nuisance.

Upon the authority of *Elliot v. Negy* (1986), 22 Ohio St. 3d 58, 488 N.E. 2d 853, *McKinney v. Hartz & Restel Realtors, Inc.* (1987), 31 Ohio St. 3d 244, 510 N.E. 2d 386, we overrule the fourth assignment of error. If the attractive nuisance doctrine is to be adopted, it is for the legislature or the Supreme Court to accomplish that result.

For the reasons above stated, each of the assignments of error are overruled, and the summary judgment of the Richland County Common Pleas Court dismissing CSXT, Inc. as a party defendant is affirmed. The cause is remanded to

the Richland County Common Pleas Court for further proceedings as to Bentley Construction Company.

PUTMAN, P.J., and SMART, J., concur.

[1] The summary judgment contains Civ. R. 54(B) language, and neither party challenges the finality and appealability of this summary judgment.