[Cite as *Davis v. Smith*, 2017-Ohio-113.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| MARILYN J. DAVIS | : | JUDGES: |
| | : | Hon. Sheila G. Farmer, P.J. |
| Plaintiff - Appellant | : | Hon. W. Scott Gwin, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| ELWARD TEASLEY SMITH, JR., | : | Case No. 16-CA-50 |
| ADMINISTRATOR OF THE ESTATE OF | : | |
| MARY E. SMITH, ET AL. | : | |
| | : | |
| Defendant - Appellee | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Licking County
Court of Common Pleas, Case No.
15CV0091

JUDGMENT:     Affirmed

DATE OF JUDGMENT:     January 9, 2017

APPEARANCES:

For Plaintiff-Appellant

STEPHEN B. WILSON
35 South Park Place, Suite 150
Newark, Ohio 43055

For Defendant-Appellee

STEVEN G. CARLINO
JOSHUA C. BERNS
10 West Broad Street, Suite 2400
Columbus, Ohio 43215

*Baldwin, J.*

{¶1} Plaintiff-appellant Marilyn J. Davis appeals from the June 30, 2016 Judgment Entry of the Licking County Court of Common Pleas granting the Motion for Summary Judgment filed by defendant-appellee Estate of Mary E. Smith.

STATEMENT OF THE FACTS AND CASE

{¶2} Appellant Marilyn J. Davis is the daughter of Mary E. Smith. On August 17, 2013, appellant went to her mother's house to assist her mother who had fractured her hip. While at the residence, appellant fell through a wooden front porch deck as she walked across the same and a porch board gave way.

{¶3} Mary E. Smith died on January 31, 2014. On January 29, 2015, appellant had filed a complaint for personal injuries against her mother and against Auto-Owners Insurance Company, which had issued homeowner's liability coverage to her mother. Appellant, on April 13, 2015, filed an amended complaint substituting the administrator of the estate of her mother as a defendant. Pursuant to a Judgment Entry filed on July 9, 2015, the trial court dismissed appellant's amended complaint as to Auto-Owners Insurance Company and Mary E. Smith, the decedent.

{¶4} Appellee Estate of Mary E. Smith, on May 13, 2016, filed a Motion for Summary Judgment. Appellant filed a memorandum in opposition to the same on June 15, 2016 and appellee filed a reply brief on June 23, 2016.

{¶5} As memorialized in a Judgment Entry filed on June 30, 2016, the trial court granted appellee's Motion for Summary Judgment. The trial court, in its Judgment Entry, found that appellant was a social guest/ licensee and that she had come forth with no

evidence that the decedent was aware that the front porch was in a dangerous condition or that she should have known it was in a dangerous condition.

{¶6}   Appellant now appeals from the trial court's June 30, 2016 Judgment Entry, raising the following assignment of error on appeal:

{¶7}   THE TRIAL COURT ERRED IN GRANTING DEFENDANT-APPELLEE'S MOTION FOR SUMMARY JUDGMENT.

I

{¶8}   Appellant, in her sole assignment of error, argues that the trial court erred in granting appellee's Motion for Summary Judgment. We disagree.

{¶9}   We refer to Civ.R. 56(C) in reviewing a motion for summary judgment which provides, in pertinent part, as follows:

Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.* * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.

{¶10}  The moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record before the trial court, which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim. *Dresher v. Burt,* 75 Ohio St.3d 280, 292, 1996-Ohio-107, 662 N.E.2d 264. The nonmoving party then has a reciprocal burden of specificity and cannot rest on the allegations or denials in the pleadings, but must set forth "specific facts" by the means listed in Civ.R. 56(C) showing that a "triable issue of fact" exists. *Mitseff v. Wheeler,* 38 Ohio St.3d 112, 115, 526 N.E.2d 798, 801 (1988).

{¶11}  Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. *Vahila v. Hall,* 77 Ohio St.3d 421, 429, 1997-Ohio-259, 674 N.E.2d 1164, citing *Dresher, supra.*

{¶12}  The issue in this case is whether the decedent was negligent. In order to establish a claim for negligence, a plaintiff must show: (1) a duty on the part of the defendant to protect the plaintiff from injury; (2) a breach of that duty; and (3) an injury proximately resulting from the breach. *Jeffers v. Olexo,* 43 Ohio St.3d 140, 142, 539 N.E.2d 614 (1989).

{¶13}  In a premises liability case, the relationship between the owner or occupier of the premises and the injured party determines the duty owed. *Gladon v. Greater Cleveland Regional Transit Auth.,* 75 Ohio St.3d 312, 315, 1996–Ohio–137, 662 N.E.2d 287; *Shump v. First Continental–Robinwood Assocs.,* 71 Ohio St.3d 414, 417, 1994-Ohio-427, 644 N.E.2d 291. Ohio adheres to the common-law classifications of invitee, licensee, and trespasser in cases of premises liability. *Shump, supra.*

{¶14} Appellant argues that she was an invitee. An invitee is defined as a visitor who rightfully enters and remains on the premises of another at the express or implied invitation of the owner and for a purpose beneficial to the owner. *Broka v. Cornell's IGA Foodliner Inc.,* 5th Dist. Richland No. 12CA100, 2013–Ohio–2506, ¶ 20 citing *Gladon, supra* at 315, 662 N.E.2d 287. Appellee, however, argues that appellant was a licensee. A licensee is a person who enters another's property "by permission or acquiescence, for his own pleasure or benefit, and not by invitation." *Light v. Ohio Univ.,* 28 Ohio St.3d 66, 68, 502 N.E.2d 611 (1986).

{¶15} Despite the fact that a social guest is normally "invited" to the property, he or she is not an invitee within the legal meaning of the term, as his use of the premises is extended merely as a personal favor, and is not for a business purpose of the landowner. *Hager v. Griesse*, 29 Ohio App.3d 329, 330, 505 N.E.2d 982 (1985). Thus, a social guest is a licensee. *Id.*

{¶16} We concur with the trial court that appellant was not an invitee, but rather was a social guest/licensee. As noted by the trial court, appellant "was a member of decedent's family….This is not analogous to the invitee who is invited onto the premises for a business transaction."

{¶17} The Ohio Supreme Court, in *Scheibel v. Lipton*, 156 Ohio St. 308, 102 N.E.2d 453 (1951) held in paragraph three of the syllabus as follows:

> A host owes a social guest the duty "to exercise ordinary care not to cause injury to his guest by any act of the host or by any activities carried on by the host while the guest is on the premises" and "to warn the guest of any condition of the premises which is known to the host and which one of

ordinary prudence and foresight in the position of the host should reasonably consider dangerous, if the host has reason to believe that the guest does not know and will not discover such dangerous condition."

{¶18} A host, however, is not an insurer of the safety of a guest, and there is no implied warranty on the part of a host that the premises to which a guest is invited by him are in safe condition. *Id.* at paragraph two of the syllabus. Rather, a guest assumes the ordinary risks which attach to the premises.

{¶19} Thus, in the case sub judice, the decedent's duty was to "to exercise ordinary care not to cause injury to his guest by any act of the host or by any activities carried on by the host while the guest is on the premises" and "to warn the guest of any condition of the premises which is known to the host and which one of ordinary prudence and foresight in the position of the host should reasonably consider dangerous."

{¶20} In the case sub judice, appellant testified during her deposition that her mother did not use the front porch, but rather went out the back. She further testified that the front porch did not look unsafe and that "it seemed solid whenever you walked on it." Deposition at 41. The following is an excerpt from her deposition testimony:

{¶21} Q: Do you recall when you walked on it that day or the week earlier when you had mowed the yard, and I'm going to use those two times because it doesn't really sound, again, that you or anybody else regularly used this porch, do you recall if it creaked or made any noises?

{¶22} A: Not that I can remember, no.

{¶23} Q: Okay. As you walked across it, did it feel uneasy or did it feel relatively solid?

{¶24}  A:  It felt solid, yes.

{¶25}  Q:  So you walked out this porch, this door right here at the bottom of Exhibit 1 on August 17th, 2013?

{¶26}  A:  Yes.

{¶27}  Q:  To check on Aydin because he needed his shoe tied.  You took a few steps, it appeared solid, and then when you reached this step here at the bottom of Exhibit 1 where there's a plank missing in the photograph you went straight through?

{¶28}  A:  Exactly.

{¶29}  Deposition at 43.

{¶30}  As noted by the trial court, appellant has not produced any evidence that the decedent was aware that the front porch was in a dangerous condition or that she should have known that it was in a dangerous condition.

{¶31}  Based on the foregoing, we find that the trial court did not err in granting appellee's Motion for Summary Judgment because reasonable minds can come to but one conclusion and that conclusion is adverse to appellant, the party against whom the motion for summary judgment is made.

{¶32}  Appellant's sole assignment of error is, therefore, overruled.

{¶33} Accordingly, the judgment of the Licking County Court of Common Pleas is affirmed.

By: Baldwin, J.

Farmer, P.J. and

Gwin, J. concur.