[Cite as *Salyer, Admr. vs. Brookview Village Condominium Assn. , et al*, 2018-Ohio-2255.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | | |
|---|---|---|---|
| ROSE SALYER, Administrator | : | | JUDGES: |
| | : | | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellant | : | | Hon. Patricia A. Delaney, J. |
| | : | | Hon. Earle E. Wise, Jr., J. |
| | : | | |
| -vs- | : | | |
| | : | | |
| BROOKVIEW VILLAGE | : | | |
| CONDOMINUM ASSOCIATION | : | | Case No. 18-CA-08 |
| | : | | |
| Defendant-Appellee | : | | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Court of Common
                             Pleas, Case No. 16 CV 589

JUDGMENT:                    Affirmed

DATE OF JUDGMENT:            June 8, 2018

APPEARANCES:

For Plaintiff-Appellant                 For Defendant-Appellee

JAMES D. FALVEY                         EDWIN J. HOLLERN
1422 Euclid Avenue                      77 North State Street
The Hanna Building, Suite 800           Westerville, OH  43081
Cleveland, OH  44115

*Wise, Earle, J.*

{¶ 1}   Plaintiff-appellant Rose Salyer, administrator of the estate of Traetin Reyes, deceased, appeals the February 21, 2018 judgement of the Fairfield County Court of Common Pleas, which granted defendant-appellant Brookview Condominium Association's Motion for Summary Judgement.

STATEMENT OF THE CASE AND FACTS

{¶ 2}   On July 1, 2013, the decedent, two year-old Traetin Reyes, along with his mother, appellant Rose Salyer, father Pedro, and other extended family members were present at the Brookview Village Condominium pool attending a pool party. A relative of Traetin and his mother resided at Brookview Village Condominiums, and had reserved the pool area for the event.

{¶ 3}   The pool area at Brookview includes a hot tub situated next to the pool on a raised platform. It is not surrounded by separate fencing, nor is one required to enter through a separate gate. On the day of the pool party, the hot tub was closed due to a broken heater, but still contained water. A sign was posted indicating the hot tub was closed.

{¶ 4}   At some point during the party, Pedro went to the restroom to change into dry clothes and Traetin followed. Before Pedro had finished changing clothes, Traetin left the restroom, and wandered back to the pool area alone. Roughly twenty minutes later, Traetin was found drowned in the hot tub.

{¶ 5}   Appellant originally filed suit against appellee in October 2014. The case was voluntarily dismissed in September 2015. Appellant refiled in September 2016 alleging two counts -- wrongful death and a survivorship action. Appellant characterized

the hot tub as an attractive nuisance, alleging appellee negligently maintained the same, proximately causing Traetin's death and plaintiff's damages. Appellee moved for summary judgment based on the recreational activity doctrine defense, arguing there was no reckless or intentional conduct on appellee's part and a hot tub is an open and obvious hazard, and appellant was therefore barred from pursuing her claims as a matter of law. Appellant filed a response arguing the recreational activity doctrine was inapplicable as the hot tub was an attractive nuisance which lured Traetin to his death.

{¶ 6} On February 21, 2018, the trial court issued its judgment entry granting appellee's motion. It found the recreational activity doctrine applicable, and the attractive nuisance inapplicable as Traetin was not a trespasser, but rather a licensee, and appellant therefore owed no duty to warn of the open and obvious danger posed by the hot tub. The trial court concluded there was no evidence of a causal chain of events beginning with an act or omission, either intentional or reckless, committed by appellee which proximately caused appellant's claimed damages.

{¶ 7} Appellant filed this appeal and the matter is now before this court for consideration. Appellant raises four assignments of error:

I

{¶ 8} "THE TRIAL COURT ERRED IN RULING TRAETIN REYES, AS A TWO YEAR OLD, SHOULD HAVE APPRECIATED THE OPEN AND OBVIOUS RISK OF DROWNING IN A HOT TUB WHEN HE CLIMBED ONTO A RAISED PLATFORM."

II

{¶ 9} "THE TRIAL COURT ERRONEOUSLY RULED TRAETIN REYES REMAINED WITHIN THE SCOPE OF HIS INVITATION TO THE POOL WHEN HE ENTERED THE CLOSED HOT TUB."

III

{¶ 10} "THE TRIAL COURT ERRONEOUSLY RULED THE RECREATIONAL ACTIVITY DOCTRINE IS A VALID DEFENSE TO ATTRACTIVE NUISANCE LIABILITY.

IV

{¶ 11} "THE TRIAL COURT ERRONEOUSLY RULED TRAETIN REYES' DEATH WAS NOT CAUSED BY AN ATTRACTIVE NUISANCE."

SUMMARY JUDGMENT

{¶ 12} Summary Judgment motions are to be resolved in light of the dictates of Civ.R. 56.  Said rule was reaffirmed by the Supreme Court of Ohio in *State ex rel. Zimmerman v. Tompkins*, 75 Ohio St.3d 447, 448, 663 N.E.2d 639 (1996):

Civ.R. 56(C)  provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. *State ex. rel. Parsons v. Fleming* (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377,

1379, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O3d 466, 472, 364 N.E.2d 267, 274.

{¶ 13} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. *Smiddy v. The Wedding Party, Inc.,* 30 Ohio St.3d 35, 506 N.E.2d 212 (1987).

{¶ 14} As explained by this court in *Leech v. Schumaker*, 5th Dist. Richland No. 15CA56, 2015-Ohio-4444, ¶ 13:

It is well established the party seeking summary judgment bears the burden of demonstrating that no issues of material fact exist for trial. *Celotex Corp. v. Catrett* (1986), 477 U.S. 317, 330, 106 S.Ct. 2548, 91 L.Ed.2d 265. The standard for granting summary judgment is delineated in *Dresher v. Burt* (1996), 75 Ohio St.3d 280 at 293: " * * * a party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed

in Civ.R. 56(C) which affirmatively demonstrates the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." The record on summary judgment must be viewed in the light most favorable to the opposing party. *Williams v. First United Church of Christ* (1974), 37 Ohio St.2d 150.

## ACCELERATED CALENDAR

{¶ 15} Preliminarily, we note this case is before this court on the accelerated calendar which is governed by App.R. 11.1. Subsection (E), determination and judgment on appeal, provides in pertinent part: "The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form."

{¶ 16} One of the most important purposes of the accelerated calendar is to enable an appellate court to render a brief and conclusory decision more quickly than in a case on the regular calendar where the briefs, facts, and legal issues are more complicated. *Crawford v. Eastland Shopping Mall Assn.*, 11 Ohio App.3d 158, 463 N.E.2d 655 (10th Dist.1983).

{¶ 17} This appeal shall be considered in accordance with the aforementioned rules.

I

{¶ 18} Appellant first argues the trial court erred in finding as a matter of law that a swimming pool is an open and obvious hazard appreciated equally by adults and minors. We disagree.

{¶ 19} The trial court found Traetin was engaged in the recreational activity of swimming, and as such assumed the ordinary risks of swimming. Appellant essentially argues Traetin was too young to appreciate the risk, and that appellee presented no evidence to support a conclusion that Traetin understood the risk. Appellee was not, however, required to demonstrate Traetin understood the risk.

{¶ 20} First, the Supreme Court of Ohio has held that "[w]here individuals engage in recreational or sports activities, they assume the ordinary risks of the activity and cannot recover for any injury unless it can be shown that the other participant's actions were either 'reckless' or 'intentional' as defined in Sections 500 and 8A of the Restatement of Torts 2d." *Marchetti v. Kalish*, 53 Ohio St.3d 95, 559 N.E.2d 699 (1990), syllabus.

{¶ 21} Traetin was attending a pool party with his family. Swimming is without question a recreational activity and neither party disputes that fact. Drowning is an inherent risk of swimming. *Mullens v. Binsky*, 130 Ohio App.3d 64, 70, 719 N.E.2d 599 (10th Dist. 1998).

{¶ 22} Next, in *Gentry v. Craycraft*, 101 Ohio St. 141, 2004-Ohio-379, 802 N.E2d 1116 at ¶ 9, a case involving injury to a four year-old child engaged in backyard play with

other children, the Court specifically addressed the issue of very young children involved in recreational activities and their understanding of the risk of the activity:

> * * * [O]ur focus in [previous] decisions was on the conduct or actions of the defendant, not on whether the plaintiff was too young to have assumed the risk of injury. [*Marchetti v. Kalish*]. at 99, 559 N.E.2d 699. In fact, in *Marchetti*, we refused to consider the plaintiff's scope of consent because we were fearful that "requiring courts to delve into the minds of children to determine whether they understand the rules of the recreational or sports activity they are engaging in could lead to anomalous results." *Id*. If we were to accept appellees' position, this is precisely what we would be doing. We would be measuring a defendant's liability based upon the subjective understanding of the young plaintiff. We are unwilling to do this, since the determinative factor in a defendant's liability in sports and recreational-activity cases is the conduct of the defendant himself, not the participant's or spectator's ability or inability to appreciate the inherent dangers of the activity. See, e.g., *Ramos v. Countryside* (1985), 137 Ill.App.3d 1028, 1031-1032, 92 Ill.Dec. 607, 485 N.E.2d 418.

{¶ 23} See also *Dury v. Blackston*, 2015-Ohio-4725, 47 N.E.3d 520, ¶ 12 (3d Dist.) (Argument that the recreational activity doctrine should not apply to children under the age of seven is meritless).

{¶ 24}  That Traetin appreciated the risk of entering the hot tub was not a fact the trial court was required to determine. Rather, because the trial court found the recreational activity doctrine applied in this matter, the focus of the inquiry was whether appellee engaged in reckless or intentional conduct which proximately caused Traetin's death. An examination of the record indicates appellant produced no such evidence or argument, instead arguing that attractive nuisance applied to facts in this matter. The first assignment of error is overruled.

## II, III, IV

{¶ 25} Appellant's remaining three assignments of error argue that the trial court erroneously concluded that attractive nuisance is inapplicable in this case. Specifically, appellant argues the trial court erred in in finding 1) Traetin remained within the scope of his invitation when he entered the hot tub; 2) the recreational activity doctrine is a valid defense to attractive nuisance liability; and 3) that Traetin's death was not caused by an attractive nuisance. We disagree.

{¶ 26} In Ohio, the status of the person who enters upon the land of another determines the scope of the legal duty the landowner owes to the entrant. *Gladon v. Greater Cleveland Regional Transit Auth.*, 75 Ohio St.3d 312, 315, 662 N.E.2d 287 (1996).

{¶ 27} Recently, in *Davis v. Smith*, 5th Dist. Licking No. 16-CA-50, 2017-Ohio-113 ¶ 14-15, we explained:

An invitee is defined as a visitor who rightfully enters and remains on the premises of another at the express or implied invitation of the owner and

for a purpose beneficial to the owner. *Broka v. Cornell's IGA Foodliner Inc.*, 5th Dist. Richland No. 12CA100, 2013–Ohio–2506, ¶ 20 citing *Gladon*, supra at 315, 662 N.E.2d 287. * * * A licensee is a person who enters another's property "by permission or acquiescence, for his own pleasure or benefit, and not by invitation." *Light v. Ohio Univ.*, 28 Ohio St.3d 66, 68, 502 N.E .2d 611 (1986).

Despite the fact that a social guest is normally "invited" to the property, he or she is not an invitee within the legal meaning of the term, as his use of the premises is extended merely as a personal favor, and is not for a business purpose of the landowner. *Hager v. Griesse*, 29 Ohio App.3d 329, 330, 505 N.E.2d 982 (1985). Thus, a social guest is a licensee. *Id.*

{¶ 28} "The attractive-nuisance doctrine is a form of tort liability that subjects landowners to 'civil liability for physical harm sustained by a child trespasser under certain circumstances where the landowner is aware of an artificial condition on the property that poses an unreasonable risk of death or serious bodily harm to children and the owner is aware that children frequent the area where the condition exists.' " *Dury v. Blackston*, 2015-Ohio-4725, 47 N.E.3d 520, ¶ 14 (3d Dist.) quoting *Kiracofe v. Ketcham*, 3rd Dist. Allen No. 1-05-19, 2005-Ohio-5271, ¶ 14. In order for attractive nuisance to apply, the child must be a trespasser.

{¶ 29} In this matter, Traetin and his family were social guests/licensees. They gathered for a family pool party after a family member reserved the pool area, and received permission from appellee's to use the space. Depositions of Rose A. Salyer,

p. 12, 14-24, and Randall E. Baughman, p. 28. There is no indication on the record that appellee derived any benefit, nor that the pool area was held out for public use. Rather, the record indicates the pool was for the use of residents of Brookview Village and their guests.

{¶ 30} Appellant argues however, that by entering the closed hot tub, Traetin exceeded the scope of his license and became a trespasser for the purposes of the attractive nuisance doctrine.

{¶ 31} According to the record, the hot tub in question is within the pool deck. It is not housed in a separate space. While there is a fence on one side of the hot tub, the opposite side is open to the pool deck, with stairs providing access to the tub. There is no additional gate one must pass through to gain access to the hot tub from the pool deck, and the hot tub plainly visible from the pool deck. On the day of this tragedy, access to the hot tub was not blocked, and the hot tub was in the same condition as it would have been operational, save for the fact that the water was not warm due to a broken heater. Deposition of Randall Baughman, 11-12, deposition of Pedro Reyes Cruz, 10-12, deposition of Barbara R. Salyer, 17-18.

{¶ 32} Simply because the hot tub was non-functional and a sign existed indicating it was closed did not change Traetin's status as a licensee on the pool deck, to that of a trespasser. It further did not change the fact that the hot tub, like the swimming pool contained in the same space, was an open and obvious danger. Thus attractive nuisance was not applicable in this matter.

{¶ 33} Finally, appellant's claim that the trial court found that the recreational activity doctrine is a valid defense to attractive nuisance liability is without merit. The trial

court appropriately found that Traetin was not a trespasser and that therefore the attractive nuisance doctrine is simply inapplicable to the facts of this case, not a defense to the recreational activity doctrine.

{¶ 34} The second, third and fourth assignments of error are overruled.

{¶ 35} The judgment of the Fairfield County Court of Common Pleas is

affirmed.

By Wise, Earle, J.

Gwin, P.J. and

Delaney, J. concur.


EEW/rw