### Nibert v. K-Mart Corporation
*[Cite as 3 AOA 329]*

*Case No. CA89-09-019*
*Madison County, (12th)*
*Decided May 21, 1990*

*Grieser, Schafer, Blumensteil & Slone Co., L.P.A., Howard M. Hackman, 261 W. Johnstown Road, Columbus, Ohio 43230, for Plaintiff-Appellant.*

*Bieser, Greer & Landis, Steven O. Dean, 400 Gem Plaza, Third and Main Streets, Dayton, Ohio 45402, for Defendant-Appellee.*

JONES, P.J.

Plaintiff-appellant, Marie Nibert, appeals a summary judgment granted to defendant-appellee, K-mart Corporation, in appellant's slip and fall negligence action against appellee.

On April 10, 1987, appellant slipped and fell on a wet floor in the vicinity of a plant display in appellee's London, Ohio, store. Appellant filed a complaint on April 7, 1989, alleging that appel-

lee negligently failed to maintain its store's walkways in a reasonably safe condition. On May 1, 1989, appellee filed its answer and its first request for admissions in which it requested appellant to admit that she fell and that "[t]he slip and fall * * * occurred within three feet of a portable yellow marker which stated: 'Caution Wet Floor.'" Appellant was also requested to admit that she saw the "Wet Floor" marker prior to her slip and fall.

Appellant admitted that she slipped and fell *within the vicinity* of the portable yellow marker although she was not sure of her exact distance from the marker when she fell. Appellant further admitted that there were two markers in the area which she saw prior to her slip and fall.

Appellee subsequently filed a summary judgment motion on June 7, 1989. Appellant filed a memorandum in opposition supported by her own affidavit in which she claimed that she saw the caution markers some distance ahead but did not expect the floor in the immediate area to be wet. She also claimed that the slip and fall occurred while she was "still a considerable distance from the display."

The trial court granted summary judgment upon finding that appellee had given actual notice of the dangerous condition and had fulfilled its duty by providing a warning reasonably calculated to give appellant knowledge of a dangerous condition.

Appellant timely appealed and as her sole assignment of error, claims the following:

"The court erred to the prejudice of plaintiff-appellant and abused its discretion when it granted summary judgment to the defendant, K-Mart Corporation, in not finding the existence of a question or issue upon which reasonable minds could differ and in not finding a duty on the part of the defendant to maintain the premises in a reasonably safe condition for invitees."

Appellant's argument focuses on whether appellee fulfilled its duty to warn appellant of a hazardous condition. According to appellant, there is an issue of fact as to whether or not the positioning of the signs adequately warned appellant of the hazardous condition created by the water on the floor.

Appellant was a "business invitee," a person who comes upon the premises of another, by express or implied invitation, for some purpose which is beneficial to the owner. *Light* v. *Ohio University* (1986), 28 Ohio St. 3d 66. Shopkeepers and business owners owe business invitees a duty of ordinary care to maintain premises in a rea-

sonably safe condition so that customers are not unnecessarily and unreasonably exposed to danger. *Paschal* v. *Rite Aid Pharmacy, Inc.* (1985), 18 Ohio St. 3d 203. A shopkeeper is not, however, an insurer of the customer's safety. *Id.*

The shopkeeper's duty of care includes an obligation to warn invitees of latent or concealed defects or perils of which the possessor has or should have knowledge. *McLaughlin* v. *Ohio Veterans' Children's Home* (1987), 37 Ohio App. 3d 136. Thus, a store customer who is injured as the result of slipping and falling on a foreign substance on the floor must, as a prerequisite to recovery against the storekeeper in a negligence action, show that the store owner had actual knowledge of the hazard and neglected to give *adequate notice* of its presence or remove it promptly. *Johnson* v. *Wagner Provision Co.* (1943), 141 Ohio St. 584, 589.

Appellant claims that she slipped and fell well before reaching the area where the warning signs were located, and that the failure to position the signs at the edge of the wet area constituted an inadequate warning and did not fulfill appellee's duty to exercise reasonable care for the safety of its business invitees. Unquestionably, appellant saw the warning signs before she slipped and fell. By her own admission, she was in the "vicinity" of the signs when the accident occurred although she later asserted she was a "considerable distance" from the display when she fell.

A proprietor's duty to warn patrons is based on his superior knowledge of a dangerous condition on his premises. *Jackson* v. *Kings Island* (1979), 58 Ohio St. 2d 357.

"Since a warning eliminates the disparity between the proprietor's and patron's knowledge of the dangerous condition, it is usually sufficient to discharge the proprietor of his duty to exercise reasonable care." *Id.* at 359. Appellant contends the signs were inadequate since they failed to encompass the entire area of the floor that was wet. It is, however, undisputed that appellee posted visible warning signs near its plant display which clearly conveyed notice of the hazards of a wet floor to invitees. There is also no question that appellant saw these warning signs, walked towards them, and while in the vicinity of the signs, slipped and fell.

Although the exact area of the wet floor was not defined by the signs and there were no clearly delineated boundaries to that area, the signs posted by appellee were reasonably calculated to give an invitee knowledge of a dangerous or

hazardous condition and were adequate to convey actual notice of that condition to appellant. We find that the trial court correctly granted summary judgment since there was no genuine issue as to any material fact, appellee was entitled to judgment as a matter of law, and reasonable minds could come to but one conclusion, which was adverse to appellant even after construing the evidence most strongly in her favor. *Harless* v. *Willis Day Warehousing Co.* (1978), 54 Ohio St. 2d 64; *Bostic* v. *Connor* (1988), 37 Ohio St. 3d 144.

For these reasons, appellant's sole assignment of error is hereby overruled.

*Judgment affirmed.*

HENDRICKSON, J., concurs.
KOEHLER, J., dissents.

KOEHLER, J. dissenting.
Without question, appellee herein had notice of a hazardous condition existing in the vicinity of a plant display within its premises. Without question, appellee endeavored to warn invitees of such hazardous condition. Without question, appellant's slip and fall occurred within the *vicinity* of a portable yellow sign set up which stated "Caution Wet Floor" and that appellant acknowledged seeing this sign prior to her fall.

The factual question raised in this cause is that of the effectiveness of the warning given to appellant of the hazardous condition.

The trial court and this court has considered and resolved the significant factual question which lies within the province of the jury in this cause.

It is my belief that adequate warning required that the warning be placed at the perimeter of the hazardous area thereby cautioning "dangerous area ahead."

The effectiveness of the warning to appellant is a genuine issue of fact which should not be subject to summary judgment.