DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellants, Mary L. Leek and Dennis T. Leek, appeal from the Summit Count Court of Commons Pleas' grant of summary judgment in favor of Appellees, Donald Miller, d.b.a. The Cafe in Stow, and Leisure Time, Inc. We affirm.
Around noon on May 1, 1996, Mary Leek drove to "The Cafe in Stow." She was planning to meet her friend, Debbie Millimet, for lunch. Leek parked her car and started to walk across the parking lot. She carried her nine-month-old granddaughter and a diaper bag. She slipped in a pothole and fell to the ground. This hole was eighteen inches long, eight inches wide, and one and one-quarter inches deep. Rain fell most of that morning, and at the time of Leek's fall, the rain was a misty drizzle. Leek had been to the cafe on three or four previous occasions, and her last visit had been several months before.
Leek and her husband sued Donald Miller and Leisure Time for the injuries that Leek sustained as a result of this fall. Miller and Leisure Time moved for summary judgment. Leek and her husband filed a memorandum with exhibits in opposition to the defendants' motion. On September 15, 1997, the trial court granted summary judgment in favor of Miller and Leisure Time.
The Leeks timely appeal the judgment of the trial court and raise a single assignment of error.
 ASSIGNMENT OF ERROR
The Trial Court erred in granting summary judgment in favor of Defendant on the grounds that the danger was open and obvious as Plaintiff presented evidence that the defect causing the fall was not visible to Plaintiff.
The Leeks contend that the trial court erred by granting summary judgment in favor of the defendants, Miller and Leisure Time. Based upon our review of the motion, the response, and the evidence presented in both, we find that summary judgment was properly granted in favor of Miller and Leisure Time.
Pursuant to Civ.R. 56(C), summary judgment is proper if it can be established that (1) no genuine issues of material fact exist to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds could come to only one conclusion. State ex rel Howard v. Ferreri (1994),70 Ohio St.3d 587, 589. Doubts must be resolved in favor of the nonmoving party. Horton v. Harwick Chem. Corp. (1995), 73 Ohio St.3d 679,686. Because only legal questions exist, no deference is to be afforded the trial court upon a review of an entry of summary judgment. Lorain Cty. Bd. of Commrs. v. United StatesFire Ins. Co. (1992), 81 Ohio App.3d 263, 267. Therefore, we review the matter de novo. Pennsylvania Lumbermens Ins. Corp. v.Landmark Elec., Inc. (1996), 110 Ohio App.3d 732, 743. We will first set forth the substantive law relating to the duty a shopkeeper owes to invitees. We will then address whether the parties met their respective burdens for summary judgment.
The Leeks' claim requires them to show a duty on the part of Miller, a breach of that duty, and that such breach proximately caused Mary Leek's injuries. Anderson v. Ruoff (1995), 100 Ohio App.3d 601,604. We first note that "[t]he determination of any question of duty * * * has been held to be an issue of law for the court and never one for the jury." (Citations omitted.) Keisterv. Park Centre Lanes (1981), 3 Ohio App.3d 19, 24. We now turn to whether Miller and Leisure Time owed Mary Leek a duty concerning the pothole in the parking lot.
Business invitees are defined as "persons who come upon the premises of another, by invitation, express or implied, for some purpose which is beneficial to the owner." Light v. OhioUniversity (1986), 28 Ohio St.3d 66, 68; Scheibel v. Lipton
(1951), 156 Ohio St. 308, paragraph one of the syllabus. The Supreme Court of Ohio has held that owners owe "business invitees a duty of ordinary care in maintaining the premises in a reasonably safe condition so that its customers are not unnecessarily and unreasonably exposed to danger." Paschal v. RiteAid Pharmacy, Inc. (1985), 18 Ohio St.3d 203. See Light v. OhioUniversity, 28 Ohio St.3d at 68; Anderson v. Ruoff,100 Ohio App. 3d at 605. Ordinary care connotes "that which an ordinarily reasonable and prudent person exercises." Parsons v. LawsonCo.(1989), 57 Ohio App.3d 49, 50; See Jackson v. Kings Island
(1979), 58 Ohio St.2d 357, 359; S.S. Kresge Co. v. Fader (1927),116 Ohio St. 718, 722. This duty of care includes "warning an invitee of latent or concealed defects or perils of which the possessor has or should have knowledge." McLaughlin v. OhioVeterans' Children's Home (1987), 37 Ohio App.3d 136, 138. SeeWestwood v. Thrifty Boy (1972), 29 Ohio St.2d 84, 86-87; Newtonv. Pennsylvania Iron Coal, Inc. (1993), 85 Ohio App.3d 353, 355;Kubiszak v. Rini's Supermarket (1991), 77 Ohio App.3d 679, 686;Keister v. Park Centre Lanes, 3 Ohio App.3d at 24. This duty of care includes "providing a reasonably safe ingress and egress."Tyrrell v. Investment Assoc., Inc. (1984), 16 Ohio App.3d 47, 49. However, "[a] shopkeeper is not * * * an insurer of the customer's safety." Paschal v. Rite Aid Pharmacy, Inc.,18 Ohio St.3d at 203; S.S. Kresge Co. v. Fader (1927), 116 Ohio St. 718, paragraph one of the syllabus.
A defect that is "insubstantial and of the type that passersby commonly encounter" is not an unreasonably dangerous condition. Baldauf v. Kent State Univ. (1988), 49 Ohio App.3d 46,49. A merchant is "under no duty to protect business invitees from dangers `which are known to such invitee that he may reasonably be expected to discover them and protect himself against them.'" Paschal v. Rite Aid Pharmacy, Inc.,18 Ohio St.3d at 203-04, citing Sidle v. Humphrey (1968), 13 Ohio St.2d 45, paragraph one of the syllabus. The Supreme Court of Ohio has found that a variation of less than two inches in a sidewalk is not an unreasonably dangerous condition. Kimball v. Cincinnati
(1953), 160 Ohio St. 370, 374. Moreover, this court has acknowledged:
 [t]he "Kimball Rule" holds that variations in sidewalk levels of less than two inches are, as a matter of law, minor or trivial imperfections that are not unreasonably dangerous.'
Campbell v. G.M.S. Management Co. Inc. (Mar. 30, 1994), Summit App. No. 16403, at 4. The Ohio Supreme Court upheld the Kimball
rule in the context of privately owned properties. See Helms v.American Legion, Inc. (1966), 5 Ohio St.2d 60, 63. See, also,Campbell v. G.M.S. Management Co. Inc., supra, at 4. Furthermore, the Supreme Court has refused to overrule the Kimball rule. Cashv. Cincinnati (1981), 66 Ohio St.2d 319, 323.
We now look at how courts in Ohio have defined an unreasonably dangerous condition. The Eighth District Court of Appeals determined that an uncovered, concealed, waist-deep manhole was an unreasonably dangerous condition. Fischer v. DairyMart Convenience Stores, Inc. (1991), 77 Ohio App.3d 543, 551-52. The Supreme Court found that a depression from an excavation that was one and one-half inches deep and twelve to fourteen inches wide, and traversed at least three feet of a crosswalk presented an issue of fact regarding whether an unreasonably dangerous condition existed. Cash v. Cincinnati, 66 Ohio St.2d at 324-25. In contrast, an unreasonably dangerous condition did not exist in a case where a person fell due to loose concrete, and the pieces of concrete were approximately one and one-half inches in diameter. McLaughlin v. Ohio Veterans' Children's Home,37 Ohio App.3d at 137 and 140. In a case of crumbling concrete on a step, the Tenth District Court of Appeals found that such a defect was minor and of a type commonly encountered. Baldauf v. Kent StateUniv., 49 Ohio App.3d at 50.
Similar to Kimball, and distinguishable from Cash where the depression was at least three feet in length and created by an excavation, the depression in the case at bar resulted from climate and natural wear and tear. Moreover, a shallow pothole is a minor defect and commonly encountered. We now turn to whether the parties met their respective burdens for summary judgment.
The moving party "bears the initial burden of informing the trial court of the basis of the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims." Dresher v. Burt (1996), 75 Ohio St.3d 280,293. See, also, Vahila v. Hall (1997), 77 Ohio St.3d 421,429; Kulch v. Structural Fibers, Inc. (1997), 78 Ohio St.3d 134, 145. Once the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden to set forth specific facts showing that there is, indeed, a genuine issue for trial.Anderson v. Liberty Lobby, Inc. (1986), 477 U.S. 242, 256,91 L.Ed.2d 202, 217; Vahila v. Hall, supra, at 429. The nonmoving party "is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute." 60 Ivy Street Corp. v. Alexander, (C.A. 6, 1987), 822 F.2d 1432, 1435. Where the nonmoving party fails to make a sufficient showing on an essential element of the case with respect to which it has the burden of proof, summary judgment is appropriate. Celotex Corp. v. Catrett (1986),477 U.S. 317, 323, 91 L.Ed.2d 265, 273.
In their motion for summary judgment, Leisure Time and Miller pointed to the one and one-half-inch depth of the puddle and argued that because no unreasonably dangerous condition existed, no duty was owed to Mary Leek. In its response to the motion for summary judgment, the Leeks offered the affidavit of David Leek and a photograph that confirmed the depth of the pothole puddle being one and one-quarter inches deep. Construing the facts in a light most favorable to the Leeks, that the pothole was one and one-quarter inches deep, eighteen inches in length, and eight inches wide, we find that the Leeks failed to demonstrate that an unreasonably dangerous condition existed upon which shopkeepers would owe a duty to invitees. Therefore, the trial court properly granted summary judgment in favor of Leisure Time and Miller.
The Leeks' assignment of error is overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Summit Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellants.
 Exceptions. _________________________________ SHEILA G. FARMER, FOR THE COURT
BAIRD, P. J.
DICKINSON, J., CONCUR
(Farmer, J., Judge of the Fifth District Court of Appeals, sitting by assignment pursuant to Article IV, § 5(A)(3), Constitution.)