For the following reasons, I respectfully dissent from the decision of the majority in this case. It is my position that the trial court properly granted summary judgment in favor of Metromedia Steakhouses Co., L.P., et al., defendants-appellees.
Betty Sadey, plaintiff-appellant, was clearly a business invitee, an individual who, by express or implied invitation, comes upon the premises of another for some purpose which is beneficial to the owner. Light v. Ohio State University (1986),28 Ohio St.3d 66, 68, 502 N.E.2d 611. As a business invitee, defendants-appellees owed plaintiff-appellant a duty of ordinary care to maintain the subject premises in a reasonably safe condition so plaintiff-appellant was not unnecessarily and unreasonably exposed to a dangerous condition. Paschal v. RiteAid Pharmacy, Inc. (1985), 18 Ohio St.3d 203, 480 N.E.2d 474. Such duty of care includes an obligation on the part of a business owner or proprietor to warn invitees of latent or concealed defects of which the business owner/proprietor had or should hate had knowledge. McLaughlin v. Ohio Veterans'Children's Home (1987), 37 Ohio App.3d 136; Davenport v. M/ISchottenstein Homes, Inc. (1993), 96 Ohio App.3d 237, 240.
However, this duty is limited by the doctrine of open and obvious hazards which was described by the Ohio Supreme Court inSimmers v. Bentley Construction Co. (1992), 64 Ohio St.3d 642,644, 597 N.E.2d 504, as follows:
 The "open and obvious" doctrine states that an owner or occupier of property owes no duty to warn invitees entering the property of open and obvious dangers on the property. Sidle v. Humphrey (1968), 13 Ohio St.2d 45, 233 N.E.2d 589, at paragraph one of the syllabus; Paschal v. Rite Aid Pharmacy, Inc. (1985), 18 Ohio St.3d 203, 480 N.E.2d 474. The rationale behind the doctrine is that the open and obvious nature of the hazard itself serves as a warning. Thus, the owner or occupier may reasonably expect that persons entering the premises will discover those dangers and take appropriate measures to protect themselves.
In this case, I believe a review of the record demonstrates that even if plaintiff-appellant was arguably able to identify the raised area of the ramp where she fell and was injured, a premise with which I do not necessarily agree, it is apparent from photographic evidence of the ramp itself that it is an open and obvious condition from which defendant-appellant should have taken appropriate measures to protect herself.
The raised area in question was on the side' of a handicapped wheelchair ramp. The raised cement foundation was not concealed or hidden from plaintiff-appellant's view in any way as she proceeded to walk down the ramp. In fact, plaintiff-appellant had to walk almost off the side of the ramp to even encounter the raised concrete portion. Rather, the area was one which plaintiff-appellant could have easily seen and avoided had she exercised reasonable care for her own safety. However, plaintiff-appellant testified that she was somewhat distracted as she was walking down the ramp by the presence of her grandchildren and failed to observe the condition until after her fall.
For these reasons, I believe that plaintiff-appellant has failed to establish any duty on the part of defendants-appellees to warn or protect business invitees from this open and obvious hazard. Therefore, when viewing the evidence presented in a light most favorable to plaintiff-appellant, it is apparent that no genuine issue of material fact exists and defendants-appellees are entitled to judgment as a matter of law. Accordingly, I would affirm the judgment of trial court which granted the motion for summary judgment in favor of defendants-appellees.