DECISION AND JUDGMENT ENTRY
This accelerated case comes before the court on appeal from a grant of summary judgment by the Lucas County Court of Common Pleas. Plaintiffs-appellants, Richard Matyok and Dolores Matyok, appeal that judgment and assert the following assignment of error:
 "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN GRANTING THE MOTION OF DEFENDANTS-APPELLEES FOR SUMMARY JUDGMENT."
The material facts of this case are as follows.
Richard Matyok, a real estate agent for Cavalear Realty, distributed handbills soliciting clients in appellees' neighborhood. Appellees, Troy A. Moore and Sherri Moore, invited Richard to inspect their residence and to discuss a possible listing of their home for sale. During the course of the tour of the residence, Troy Moore mentioned that the attic had a floor and could possibly be used for a third bedroom. At that point, Richard either requested a view of the attic or Troy invited him to view the attic. Access to the attic was by means of a "pull down" staircase that was made entirely of wood and folded out in three sections held together by metal brackets. Richard climbed up the staircase; the top section split apart and Richard fell. Unfortunately, the staircase was located in an area near the basement stairs and Richard continued falling down those steps. As a result of the fall, Richard suffered numerous contusions and abrasions and a sprained ankle. In addition, a portion of one of Richard's index fingers was severed.
Appellants subsequently commenced the instant case naming Troy and Sherri Moore and Troy's mother, Loretta Moore[1], as defendants. Appellants set forth a claim for Richard's lost commission in the sale of the Moore residence, a claim for his injuries resulting from appellees' alleged negligence and a consortium claim. Appellees answered and filed a motion for summary judgment which, as noted previously, was granted by the trial court.
Our review of a summary judgment is de novo. Smiddy v.The Wedding Party, Inc. (1987), 30 Ohio St.3d 35. Under Civ.R. 56(C), a motion for summary judgment is properly granted if the court, upon viewing the evidence in the light most favorable to the party against whom the motion is made, determines that: (1) there are no genuine issues as to any material facts; (2) the movant is entitled to a judgment as a matter of law; and (3) the evidence is such that reasonable minds can come to but one conclusion and that conclusion is adverse to the opposing party.Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327. When a party moves for summary judgment, that party bears the initial burden of demonstrating that no genuine issue of material fact exists concerning an essential element of the nonmoving party's case. Dresher v. Burt (1996), 75 Ohio St.3d 280, 292. The moving party's motion for summary judgment must be supported by those parts of the record, for example, depositions and affidavits, that show that the nonmoving party has no evidence to support its claims. Id. at 293. If the moving party carries its initial burden, then the nonmoving party must rebut with specific facts showing that a triable issue of material fact does exist. _Id.
We note at the outset that appellants raise no error with regard to the trial court's grant of summary judgment on appellants' claim for Richard's alleged loss of a commission. Their sole assignment of error first maintains that the trial court erred in granting summary judgment on their negligence claim, because a genuine issue of material fact exists as to whether the staircase to the attic was a latent danger due to its age (the house was constructed approximately forty years ago) and Richard's weight, two hundred seventy-five pounds. Thus, appellants argue that a triable issue exists as to whether Troy breached a duty owed to Richard because Troy knew, or should have known, that the folding wood staircase presented a danger to the real estate agent.
Richard was a business invitee, a person who, by express or implied invitation, came upon appellees' premises for some purpose which was beneficial to those owners. Light v. OhioUniversity (1986), 28 Ohio St.3d 66, 68. Therefore, appellees owed Richard a duty of ordinary care to maintain their premises in a reasonably safe condition so that he was not unnecessarily and unreasonably exposed to danger. Paschal v. Rite Aid Pharmacy,Inc. (1985), 18 Ohio St.3d 203, citing Campbell v. HughesProvision Co. (1950), 153 Ohio St. 9. This duty included an obligation on the part of appellees to warn invitees of latent or concealed defects or perils of which appellees knew or should have known. McLaughlin v. Ohio Veterans' Children's Home (1987),37 Ohio App.3d 136, 138, citing Scheibel v. Lipton (1951), 156 Ohio St. 308.
Here, Troy Moore, in his deposition testimony, stated that he and his wife used the pull down stairway "four to five" times per month during the six years that they lived in the house and noticed no defects. Although Troy weighs only one hundred forty pounds, he and a one hundred fifty pound friend hauled items up and down the attic staircase on a "couple [of] occasions." According to Troy, he told Richard to be careful in ascending the steps because, as a painter, he is always concerned about safety issues when a person climbs a ladder or, in this case, a ladder-like device. In an affidavit, Dolores Matyok swore that Troy told her that (1) the pull down staircase was as old as the house; and (2) prior to the accident, Troy was "very concerned about the stairs being able to support" Richard due to his weight.
We find that this evidence, when viewed in a light most favorable to appellants, creates a genuine issue of material fact as to whether appellees knew, or should have known, that the pull-down stairway was defective and as to whether Troy breached any duty owed to Richard. Accordingly, the trial court erred in granting summary judgment to appellees on appellants' negligence claim.
Appellants also assert that the trial court "abused its discretion" in stating that no genuine issue of material fact existed as to spoliation of evidence. A cause of action exists in tort for the spoliation of evidence and may be brought at the same time as the primary action. Smith v. Howard Johnson Co.,Inc. (1993), 67 Ohio St.3d 28, 29. However, appellants' complaint fails to set forth such a claim. Spoliation of evidence is first raised in the memorandum in opposition to appellees' motion for summary judgment, but appellees' complaint was never amended pursuant to Civ.R. 15(B) to include such a claim. Moreover, the evidence offered by appellants did not create a genuine issue of material fact on the question of spoliation of evidence.
To recover on a claim for interference with or destruction of evidence, also referred to as spoliation of evidence, a plaintiff must prove all of the following elements:
 "(1) pending or probable litigation involving the plaintiff, (2) knowledge on the part of defendant that litigation exists or is probable, (3) willful destruction of evidence by defendant designed to disrupt the plaintiff's case, (4) disruption of the plaintiff's case, and (5) damages proximately caused by the defendant's acts * * *." Smith v. Howard Johnson Co., Inc., 67 Ohio St.3d at 29. In the present case, appellants failed to, at the least, offer evidence sufficient to create a question of fact on at least two elements of a spoliation of evidence claim. First no evidence was offered as to whether appellees willfully, i.e., wrongfully or with malicious intent, disposed of the staircase in order to disrupt appellants' case. See Drawl v. Cornicelli (1997) 124 Ohio App.3d 562, 567. Furthermore, appellants failed to offer any evidence creating a triable issue as to whether the disposal of the staircase disrupted their case. Photographs, clearly portraying the staircase and the section of the staircase that cracked, were taken before its disposal and filed in this case with Troy Moore's deposition. While appellants allege that the staircase would be the better evidence to show to the trier of fact, this, in itself, is insufficient to create a question of fact as to whether its absence disadvantaged their case.
For the foregoing reasons, appellants' sole assignment of error is found well-taken. The judgment of the Lucas County Court of Common Pleas is reversed as to the granting of summary judgment on appellants' negligence claim and remanded for further proceedings consistent with this decision and judgment entry. Costs of this appeal are assessed to appellees.
 __________________ KNEPPER, P.J.
 James R. Sherck, J., CONCUR.
Melvin L. Resnick, J., dissents and writes separately.
[1] Loretta Moore answered the complaint and asserted that she sold the residence to Troy. The claim against her was never dismissed, and the trial court's judgment does not contain the requisite Civ.R. 54(B) certification that is generally required in a multiple claim/multiple party suit in order to render the court's judgment a final, appealable order. _Noble v.Colwell (1989), 44 Ohio St.3d 92, syllabus. However, the claim against Loretta Moore is moot as a result of the trial court's decision. Therefore, this court has the jurisdiction to entertain this appeal. See General Acc. Ins. Co. v. Ins. Co. of NorthCarolina (1989), 44 Ohio St.3d 17, 21.