[Cite as *McCafferty v. Univ. of Toledo*, 2011-Ohio-7057.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

LAUREN MCCAFFERTY

    Plaintiff

    v.

THE UNIVERSITY OF TOLEDO

    Defendant

    Case No. 2011-09039-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶1} On September 7, 2010, plaintiff, Lauren McCafferty, suffered personal injury when she slipped and fell upon a freshly mopped floor in the lobby of a building identified as MacKinnon Hall, a structure located on the campus of defendant, University of Toledo (UT). Plaintiff complained that she "slipped on the floor" and hit her head, "passing out with a concussion." Plaintiff subsequently filed this complaint seeking to recover $1,455.88 for medical expenses, lost time from school and work, and for pain and suffering resulting from the September 7, 2010 occurrence. Plaintiff has contended her slip and fall event was proximately caused by negligence on the part of UT in maintaining a dangerous condition in MacKinnon Hall. Specifically, plaintiff claimed a custodial worker mopped the floor and failed to place "wet floor" warning signs.

{¶2} With her complaint, plaintiff included copies of the following medical bills: Mercy St. Anne Hospital-$660.74, 3D Lab LLC-$200.14, and ER physicians at St. Anne-$495.00. The filing fee was paid.

{¶3} Defendant acknowledged the area of MacKinnon Hall where plaintiff fell

was being mopped on the morning of September 7, 2010. However, defendant denied this maintenance activity created a hazardous condition with resulting liability. Furthermore, defendant asserted signs warning that the floor was wet were placed across the lobby to warn pedestrian traffic, such as plaintiff, about the condition of the floor. Defendant submitted a report prepared by Coleen Martin, who handled plaintiff's insurance claim for the university. Martin related that plaintiff "stated that she had left her room on the first floor and was running down the carpeted ramp onto the white tiled floor which she estimated was 20 x 40 ft. and slipped on the wet floor and says she saw the man mopping the floor. [Plaintiff] stated that there was a wet floor sign out but not where she had fallen." Defendant explained that the custodian, Sandra Blackford, saw plaintiff enter the lobby and verbally warned her that the floor was wet. Blackford confirmed that she "had half my lobby floor mopped and dried with wet floor signs out" when she saw plaintiff come through the right side door to the lobby. Blackford also recalled that plaintiff was barefoot and wearing pajamas, and that she saw plaintiff fall but she "did not see her hit her head."

{¶4} Defendant contended plaintiff failed to establish her fall and resulting injury were proximately caused by any breach of a duty of care owed by UT. Defendant asserted any danger presented by the condition of the floor at MacKinnon Hall was open and obvious to plaintiff. Therefore, defendant insisted it cannot be held liable for plaintiff's damages claimed.

{¶5} Plaintiff was present on defendant's premises for such purposes which would classify her under the law as an invitee. *Scheibel v. Lipton* (1951), 156 Ohio St. 308, 46 O.O. 177, 102 N.E. 2d 453. Consequently, defendant was under a duty to exercise ordinary care for the safety of invitees such as plaintiff and to keep the premises in a reasonably safe condition for normal use. *Presley v. City of Norwood* (1973), 36 Ohio St. 2d 29, 65 O.O. 2d 129, 303 N.E. 2d 81. The duty to exercise ordinary care for the safety and protection of invitees such as plaintiff includes having the premises in a reasonably safe condition and warning of latent or concealed defects or perils which the possessor has or should have knowledge. *Durst v. VanGundy* (1982), 8 Ohio App. 3d 72, 8 OBR 103, 455 N.E. 2d 1319; *Wells v. University Hospital* (1985), 86-01392-AD. As a result of plaintiff's status, defendant was also under a duty to exercise ordinary care in providing for plaintiff's safety and warning her of any

condition on the premises known by defendant to be potentially dangerous. *Crabtree v. Shultz* (1977), 57 Ohio App. 2d 33, 11 O.O. 3d 31, 384 N.E. 2d 1294.

{¶6} However, an owner of a premises has no duty to warn or protect an invitee of a hazardous condition, where the condition is so obvious and apparent that the invitee should reasonably be expected to discover the danger and protect herself from it. *Parsons v. Lawson Co.* (1989), 57 Ohio App. 3d 49, 566 N.E. 2d 698; *Blair v. Ohio Department of Rehabilitation and Correction* (1989), 61 Ohio Misc. 2d 649, 582 N.E. 2d 673. This rationale is based on principles that an open and obvious danger is itself a warning and the premises owner may expect persons entering the premises to notice the danger and take precautions to protect themselves from such dangers. *Simmers v. Bentley Constr. Co.*, 64 Ohio St. 3d 642, 1992-Ohio-42, 597 N.E. 2d 504. In the instant claim, plaintiff has acknowledged she saw the custodian mopping the floors at the time she fell and that she saw "wet floor" signs across the lobby from where she fell.

{¶7} To recover damages in a negligence action an invitee must establish:

{¶8} "1. That the defendant through its officers or employees was responsible for the hazard complained of; or

{¶9} "2. That at least one of such persons had actual knowledge of the hazard and neglected to give adequate notice of its presence or remove it promptly; or

{¶10} "3. That such danger had existed for a sufficient length of time reasonably to justify the inference that the failure to warn against it or remove it was attributable to a want of ordinary care." *Evans v. Armstrong*, (Sept. 23, 1999) Franklin App. No. 99AP-17, citing *Johnson v. Wagner Provision Co.* (1943), 141 Ohio St. 584, 589, 49 N. E. 2d 925.

{¶11} In the instant claim, plaintiff has failed to show defendant did not provide adequate warning of the wet floor. Evidence regarding the placement of warning signs does not appear to be in dispute. Plaintiff has failed to prove she did not receive adequate warning of the floor condition. Consequently, plaintiff's claim is denied since plaintiff has failed to prove defendant breached a duty of care owed to her which resulted in the damages claimed.



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

LAUREN MCCAFFERTY

    Plaintiff

    v.

THE UNIVERSITY OF TOLEDO

    Defendant

    Case No. 2011-09039-AD

Deputy Clerk Daniel R. Borchert

## ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

| | |
|---|---|
| Lauren McCafferty | Janelle M. Schuller |
| 2070 Campus Road | Associate General Counsel |
| Toledo, Ohio 43606 | The University of Toledo |
| | 2801 W. Bancroft St. MS 943 |
| | Toledo, Ohio 43606 |

SJM/laa
10/14
Filed 11/2/11

Sent to S.C. reporter 3/30/12