OPINION
{¶ 1} Appellants, Estate of Karaline Richelle Vince and Diane Monte Calvo-Vince, appeal from the January 21, 2005 judgment entry of the Trumbull County Court of Common Pleas, granting the motion for summary judgment of appellee, Estate of Walter Smallwood by its fiduciary, Robert Smallwood.
 {¶ 2} On September 25, 2003, appellants filed a complaint for wrongful death against appellee, alleging that as a direct and proximate result of Walter Smallwood's negligence, Karaline Richelle Vince ("the decedent") drowned in his swimming pool.[1] On November 24, 2003, appellee filed an answer.
 {¶ 3} On July 9, 2004, appellee filed a motion for summary judgment pursuant to Civ.R. 56(C). On August 20, 2004, appellants filed a memorandum contra to appellee's motion for summary judgment. On September 10, 2004, appellee filed a reply memorandum in support of its motion for summary judgment. Appellee filed a supplemental motion for summary judgment on September 23, 2004. Appellants filed a response on September 30, 2004. On October 7, 2004, appellee filed a reply memorandum in support of its supplemental motion for summary judgment.
 {¶ 4} The following facts are pertinent to the instant appeal. According to the deposition of appellant Diane Monte Calvo-Vince, on July 4, 1999, Walter Smallwood hosted a party at his home, which had an in-ground swimming pool in the backyard, located at 1009 Goist Lane, Girard, Trumbull County, Ohio.[2] Appellant Diane Monte Calvo-Vince attended the party with her three daughters: the decedent, age four; Rachel, age two; and Marie, age one. Appellant Diane Monte Calvo-Vince's husband at the time and the girls' father, Richard Vince, was already at Walter Smallwood's home.
 {¶ 5} According to appellant Diane Monte Calvo-Vince, she brought the decedent's bathing suit to Walter Smallwood's home and changed her into it. She stated that on previous occasions, the pool water was not very clean, but on the day at issue, it was "very crystal clear." She indicated that the decedent got into the pool, two other adults were in the pool, and one of them, Vicki Smallwood, put the decedent on a raft. Appellant Diane Monte Calvo-Vince said that the decedent could not swim but had been in a swimming pool before and did not wear any flotation devices. She testified that it was her responsibility as well as Richard Vince's to watch the decedent while she was in the pool. She did not expect Walter Smallwood to watch the decedent, but believes that he should have designated someone to watch children in the pool.
 {¶ 6} Appellant Diane Monte Calvo-Vince was seated at the side of the pool and Richard Vince was cooking hamburgers on a grill near the pool. Appellant Diane Monte Calvo-Vince saw the decedent at one point attempt to stand in the shallow end, which was up to her mouth when she was on her "tippee toes." Her two younger daughters were running around the pool and she went to the other end for about five to ten minutes to supervise them. At that time, appellant Diane Monte Calvo-Vince noticed an adult pull the decedent from the deep end of the pool. The decedent appeared to be lifeless and could not be resuscitated. The decedent was taken to the hospital where she was pronounced dead.
 {¶ 7} Pursuant to its January 21, 2005 judgment entry, the trial court granted appellee's motion for summary judgment. It is from that judgment that appellants filed a timely notice of appeal and make the following assignment of error:
 {¶ 8} "Whether the trial court erred and abused its discretion in granting appellee['s] motion for summary judgment since a genuine issue of material fact exists precluding [appellee] from summary judgment."
 {¶ 9} In their sole assignment of error, appellants argue that the trial court erred and abused its discretion in granting appellee's motion for summary judgment since a genuine issue of material fact exists. Appellants stress that where there is unrefuted expert testimony that a residential swimming pool presents certain hazardous conditions, there exist genuine issues of material fact as to whether the homeowner has a duty to disclose these conditions to a child of tender years or to take reasonable precautions to avoid injury, thereby precluding summary judgment in favor of the homeowner.
 {¶ 10} In order for a summary judgment to be granted, the moving party must prove:
 {¶ 11} "* * * (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made." Mootispaw v. Eckstein (1996),76 Ohio St.3d 383, 385.
 {¶ 12} The Ohio Supreme Court stated in Dresher v. Burt
(1996), 75 Ohio St.3d 280, 296:
 {¶ 13} "* * * the moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record whichdemonstrate the absence of a genuine issue of fact on a materialelement of the nonmoving party's claim. The `portions of the record' to which we refer are those evidentiary materials listed in Civ.R. 56(C), such as the pleadings, depositions, answers to interrogatories, etc., that have been filed in the case. * * *" (Emphasis sic.)
 {¶ 14} If the moving party satisfies this burden, then the nonmoving party has the burden, pursuant to Civ.R. 56(E), to provide evidence demonstrating a genuine issue of material fact. If the nonmoving party does not satisfy this burden, then summary judgment is appropriate. Civ.R. 56(E). Appellate courts review a trial court's granting of summary judgment de novo. Brown v.Scioto Cty. Bd. of Commrs. (1993), 87 Ohio App.3d 704, 711. TheBrown court stated that "we review the judgment independently and without deference to the trial court's determination." Id. An appellate court must evaluate the record "in a light most favorable to the nonmoving party." Link v. Leadworks Corp.
(1992), 79 Ohio App.3d 735, 741. Furthermore, a motion for summary judgment must be overruled if reasonable minds could find for the party opposing the motion. Id.
 {¶ 15} The Supreme Court of Ohio in Gentry v. Craycraft,101 Ohio St.3d 141, 2004-Ohio-379, at ¶ 13, held that individuals engaged in recreational activities, regardless of their age and whether he or she was capable of appreciating the inherent risks, cannot recover unless the defendant's conduct was either reckless or intentional. Typical backyard play or activity falls within the definition of a recreational activity. Id. at ¶ 7.
 {¶ 16} In the case at bar, the trial court stated in its January 21, 2005 judgment entry:
 {¶ 17} "[i]t is uncontroverted that [the decedent] did not know how to swim, and had no lifesaving devices on when her mother let her go in the water. In Plaintiff's memorandum, she presents testimony that [the decedent] was afraid of the water. Plaintiff states that the water reached [the decedent's] mouth when she was standing in the shallow end. It is further undisputed that she did not ask, nor did anyone accept responsibility for watching her daughter under these precarious circumstances.
 {¶ 18} "The Court finds that there is no genuine issue as to any material facts and after construing the evidence most strongly in favor of Plaintiff, reasonable minds could come to but one conclusion and that conclusion is adverse to the Plaintiff."
 {¶ 19} We agree.
 {¶ 20} Here, appellants were engaged in the recreational activity of swimming in the backyard pool of Walter Smallwood. Pursuant to Gentry, supra, Walter Smallwood owed appellants no duty other than to refrain from intentional or reckless conduct. Since there is no evidence of any reckless or intentional conduct, summary judgment was appropriate. Even though the four-year-old decedent may not have understood the inherent risks involved with swimming, Walter Smallwood could not be held liable for negligence since appellants were involved in a recreational activity.
 {¶ 21} The duty owed to social guests can approach the duty owed to invitees depending on the circumstances. Karlovich v.Nicholson (Sept. 30, 1999), 11th Dist. No. 98-L-097, 1999 Ohio App. LEXIS 4653, at 14. Here, appellants were at least social guests of Walter Smallwood. In Karlovich, at 13-14, quotingScheibel v. Lipton (1951), 156 Ohio St. 308, at paragraphs two and three of the syllabus, we stated that the Supreme Court of Ohio established the duty a social host owes to his or her guest. "The court held: `* * * [a] host is not an insurer of the safety of a guest while upon the premises of the host and there is no implied warranty on the part of a host that the premises to which a guest is invited by him are in safe condition. * * * A host who invites a social guest to his premises owes the guest the duty (1) to exercise ordinary care not to cause injury to his guest by any act of the host or by any activities carried on by the host while the guest is on the premises, and (2) to warn the guest of any condition on the premises which is known to the host and which one of ordinary prudence and foresight in the position of the host should reasonably consider dangerous, if the host has reason to believe that the guest does not know and will not discover such dangerous condition.'" Further, "[i]t is generally accepted that ponds, pools, lakes, streams, and other waters embody perils that are deemed obvious to children of the tenderest years." Sharpley v. Bole, 8th Dist. No. 83436,2004-Ohio-5729, at ¶ 14.
 {¶ 22} In the instant matter, the record reveals, and appellant Diane Monte Calvo-Vince was aware, that the decedent had no swimming skills and was not wearing any flotation devices. Appellant Diane Monte Calvo-Vince, and the decedent's father, Richard Vince, as well as other adults, were in and around the pool area. It was the responsibility of the decedent's parents to supervise her in and around the pool. Appellants did not present any evidence that Walter Smallwood either knew or should have known that something, if at all, was wrong with his pool when the incident occurred, or that he knew or should have known of the decedent's swimming skills.
 {¶ 23} Appellants' expert, Thomas C. Ebro ("Ebro"), an Aquatic Safety Specialist, stated in his August 19, 2004 affidavit, submitted in the matters contra to the motion for summary judgment, that he inspected the swimming pool at issue and indicated that the water was not clear, there was no safety rope or depth markings on the pool, and there was a sharp drop off where the shallow end of the pool transitioned to the deep end. We note that Ebro did not inspect Walter Smallwood's pool until approximately five years after the incident at issue. Also, appellant Diane Monte Calvo-Vince, who was present when the drowning occurred, testified in her deposition that the pool water was "very crystal clear." In addition, although Ebro opined that the water clarity, lack of a safety rope or depth markings, and/or a sharp drop off to the deep end contributed to the decedent's death, we note that no one present at the pool when the incident occurred knows how the decedent drowned. SeeMullens v. Binsky (1998), 130 Ohio App.3d 64, 72-74 (holding that "in the absence of a statutory requirement imposing a duty on a homeowner to provide a rope or float line in a residential swimming pool, and where the evidence fails to indicate how decedent drowned or that the presence of a rope or float line would have prevented the accident, the mere fact that the pool lacked such equipment does not, standing alone, provide the basis for liability against the defendant.") Even if there were a safety rope, depth markings, and no drop off to the deep end, we do not believe that the outcome would have been any different. We stress again that appellants were aware that the four-year-old decedent could not swim, was not wearing any flotation devices, and the pool water was up to her mouth when she was on her "tippee toes" in the shallow end. This was a case of a lack of parental supervision.
 {¶ 24} The facts here are tragic and unfortunate. However, based on Mootispaw, supra, it was proper for the trial court to conclude that summary judgment was appropriate.
 {¶ 25} For the foregoing reasons, appellants' sole assignment of error is not well-taken. The judgment of the Trumbull County Court of Common Pleas is affirmed.
O'Toole, J., concurs.
Grendell, J., concurs in judgment only.
[1] Walter Smallwood died in 2002.
[2] The pool had shallow and deep ends, was surrounded by a fence, and included an entrance through the garage. The appellate briefs also reference the depositions of Vicki Smallwood and Dirk Doverspike, who were apparently relatives of Walter Smallwood, according to the deposition of appellant Diane Monte Calvo-Vince. However, we note that Vicki Smallwood's and Dirk Doverspike's depositions are not in our record.