[Cite as *Drury v. Blackston*, 2015-Ohio-4725.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

JAMES PAUL DRURY, A MINOR, ET AL.,

    PLAINTIFFS-APPELLANTS,          CASE NO.  1-15-39

    v.

DAVID C. BLACKSTON, ET AL.,         O P I N I O N

    DEFENDANTS-APPELLEES.

Appeal from Allen County Common Pleas Court
Trial Court No. CV20140243

**Judgment Affirmed**

Date of Decision:   November 16, 2015

**APPEARANCES:**

    *Aaron L. Bensinger*  for Appellants

    *John A. Fiocca, Jr.* for Appellees

**PRESTON, J.**

{¶1} Plaintiffs-appellants, James Paul Drury ("James"), Chanphen Drury ("Chanphen"), and Dustin D. Drury ("Dustin") (collectively "Plaintiffs"), appeal the judgment of the Allen County Court of Common Pleas granting summary judgment in favor of defendants-appellees, David C. Blackston ("David") and Heather R. Blackston ("Heather") (collectively "Defendants"). For the reasons that follow, we affirm.

{¶2} This case stems from an incident on June 23, 2013 during which James ingested water after entering the backyard swimming pool of the Defendants. (Doc. No. 35). On June 23, 2013, the Defendants offered to supervise James and his sister, Ashley Drury ("Ashley"), at their residence while James' parents—Chanphen and Dustin—went shopping at the mall. (*Id.*). Chanphen dropped James and Ashley off to play in the Defendants' backyard where there was a swimming pool, a trampoline, and a tree house. (*Id.*). While the Defendants supervised, James and Ashley played in the pool, on the trampoline, and in the tree house with the Defendants' two children and two neighborhood children. (*Id.*). Heather became ill during that time and went inside the house. (*Id.*). At some point, James removed his "arm floaties," which he needed to be able to swim, and entered the pool. (*Id.*). After James entered the pool without his arm floaties, one of the Defendants' children called for David to come to the pool. (*Id.*). David found his daughter holding James so that his head

was above the water. (*Id.*). David pulled James from the swimming pool, stood him up on the grass, and asked him if he swallowed water, to which he responded that he had. (*Id.*). James put his finger down his throat and made himself throw up pool water. (*Id.*). Heather, a registered nurse, came outside to make sure James was alright, and James responded that he was. (*Id.*). As a precaution, James was taken to Lima Memorial Hospital. (*Id.*). Lima Memorial Hospital transported James to Toledo Children's Hospital by helicopter for further assessment. (*Id.*). James was released from Toledo Children's Hospital the following day. (*Id.*).

{¶3} The Plaintiffs filed a complaint on April 11, 2014, in which they alleged negligence against the Defendants. (Doc. No. 1). On July 14, 2014, the Defendants filed their answer. (Doc. No. 10). On July 18, 2014, the Defendants filed an amended answer. (Doc. No. 11).

{¶4} On February 25, 2015, the Defendants filed a motion for summary judgment arguing that the "Plaintiffs' negligence claims are superseded and barred by Ohio's recreational activity doctrine" and that there is no evidence of an injury. (Doc. No. 26). On April 30, 2015, the Plaintiffs filed a memorandum in opposition to the Defendants' motion for summary judgment. (Doc. No. 33). On May 14, 2015, the Defendants filed a response to the Plaintiffs' memorandum in opposition to their motion for summary judgment. (Doc. No. 34).

**{¶5}** On May 22, 2015, the trial court granted the Defendants' motion for summary judgment after concluding that "the recreational activity doctrine protects Defendants from liability in this case" since James was engaging in the recreational activity of swimming at the time of his alleged injury. (Doc. No. 35). The trial court further concluded that there is no evidence in the record that the Defendants' conduct was intentional or reckless. (*Id.*). As such, the trial court concluded that the Plaintiffs cannot, as a matter of law, prove the essential elements of their negligence claim. (*Id.*).

**{¶6}** The Plaintiffs filed their notice of appeal on June 19, 2015. (Doc. No. 37). They raise three assignments of error for our review. Because they are related, we address the assignments of error together.

### Assignment of Error No. I

**Whether the Recreational Activity Doctrine, a primary assumption of the risk rule, prevents the Plaintiffs from proving duty in a negligence claim, when a child under the age of seven is the party "assuming the risk".**

### Assignment of Error No. II

**Whether the Plaintiff can prove that Defendants owed a duty to Plaintiff, a four year old child, to properly supervise him while he was in and around their swimming pool in their backyard.**

### Assignment of Error No. III

**Whether under all of the circumstances a reasonable person would conclude that Defendants had assumed custodial responsibility, such as to elevate their duty to a heighted standard of care.**

{¶7} In their first assignment of error, the Plaintiffs argue that the trial court erred in granting the Defendants' motion for summary judgment because the recreational-activity doctrine does not apply to children under the age of seven— that is, the Plaintiffs argue that children under the age of seven cannot assume the risk of swimming in a swimming pool. Specifically, the Plaintiffs argue that because children under the age of seven "are conclusively presumed to be incapable of negligence or contributory negligence," the Defendants were required "to exercise a heighted standard of care toward James, or at the very least ordinary care for his safety." (Appellant's Brief at 11). In their second assignment of error, the Plaintiffs argue that the Defendants owed James a "heighted duty of care" because they agreed to supervise James and because James could not appreciate the danger of swimming in the Defendants' backyard swimming pool without his arm floaties. (*Id.* at 13). In their third assignment of error, the Plaintiffs argue that the Defendants had custodial responsibility of James, which created a heighted duty of care. Also, in their third assignment of error, the Plaintiffs argue that negligence can be established under the attractive-nuisance doctrine.

{¶8} We review a decision to grant summary judgment de novo. *Doe v. Shaffer*, 90 Ohio St.3d 388, 390 (2000). Summary judgment is proper where there is no genuine issue of material fact, the moving party is entitled to judgment as a matter of law, and reasonable minds can reach but one conclusion when viewing

the evidence in favor of the non-moving party, and the conclusion is adverse to the non-moving party. Civ.R. 56(C); *State ex rel. Cassels v. Dayton City School Dist. Bd. of Edn.*, 69 Ohio St.3d 217, 219 (1994).

{¶9} "The party moving for summary judgment has the initial burden of producing some evidence which demonstrates the lack of a genuine issue of material fact." *Carnes v. Siferd*, 3d Dist. Allen No. 1-10-88, 2011-Ohio-4467, ¶ 13, citing *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). "In doing so, the moving party is not required to produce any affirmative evidence, but must identify those portions of the record which affirmatively support his argument." *Id.*, citing *Dresher* at 292. "The nonmoving party must then rebut with specific facts showing the existence of a genuine triable issue; he may not rest on the mere allegations or denials of his pleadings." *Id.*, citing *Dresher* at 292 and Civ.R. 56(E).

{¶10} "'[I]n order to establish actionable negligence, one seeking recovery must show the existence of a duty, the breach of the duty, and injury resulting proximately therefrom.'" *Id.* at ¶ 14, quoting *Strother v. Hutchinson*, 67 Ohio St.2d 282, 285 (1981).

{¶11} "In applying primary assumption of the risk to recreational activities, the Ohio Supreme Court has held that '[w]here individuals engage in recreational or sports activities, they assume the ordinary risks of the activity and cannot recover for any injury unless it can be shown that the [defendant's] actions were

either "reckless" or "intentional" as defined in Sections 500 and 8A of the Restatement of Torts 2d.'" *Taylor v. Mathys*, 3d Dist. Union No. 14-04-32, 2005-Ohio-150, ¶ 10, citing *Gentry v. Craycraft*, 101 Ohio St.3d 141, 2004-Ohio-379, ¶ 6, quoting *Marchetti v. Kalish*, 53 Ohio St.3d 95 (1990), syllabus. *See also Kinnison v. Ohio State Univ.*, 10th Dist. Franklin No. 13AP-501, 2013-Ohio-5715, ¶ 10 (concluding that a defendant cannot be liable in negligence for children injured in recreational pursuits if the defendant assumed responsibility for supervising the children; rather, "intentional or reckless conduct is necessary if liability is to be established"), citing *Gentry* and *Marchetti*. "No liability attaches for injuries caused by negligence that occurs during recreational activities." *Taylor* at ¶ 10, citing *Gentry* at ¶ 6, citing *Thompson v. McNeill*, 53 Ohio St.3d 102 (1990), paragraphs one and two of the syllabus. Moreover, the age of the person injured is immaterial to the application of the recreational-activity doctrine.

> "[I]n a personal injury action brought for injuries sustained while an individual is a participant in or a spectator at a sport or recreational activity, *the age of the participant or spectator and whether he or she was capable of appreciating the inherent risks are immaterial*. Instead, recovery is dependent upon whether the defendant's conduct was either reckless or intentional."

(Emphasis added.) *Id.* at ¶ 12, quoting *Gentry* at ¶ 13.

**{¶12}** The Plaintiffs' arguments that the recreational-activity doctrine should not apply to children under the age of seven since young children cannot appreciate the risk of swimming in a swimming pool and that the Defendants owed James a heighted duty of care since they assumed responsibility for James' supervision are meritless. Swimming is a recreational activity. *Estate of Vince v. Estate of Smallwood*, 11th Dist. Trumbull No. 2005-T-0017, 2006-Ohio-1697, ¶ 20 (concluding that swimming in a backyard pool is a recreational activity). *See also Thompson v. Park River Corp.*, 161 Ohio App.3d 502, 2005-Ohio-2855, ¶ 51 (1st Dist.) (swimming lessons are a type of supervised recreational activity). That James was four-years old at the time of his alleged injury is immaterial. *Taylor* at ¶ 12, quoting *Gentry* at ¶ 13. *See also Kinnison* at ¶ 10, citing *Gentry* at syllabus. Also immaterial is the Defendants' assumption of responsibility for supervising James. *Kinnison* at ¶ 9. Therefore, because James was swimming in the Defendants' backyard pool, he was engaging in a recreational activity and the recreational-activity doctrine shields the Defendants from claims of negligence and requires a showing of reckless or intentional conduct. *Kinnison* at ¶ 10; *Gentry* at syllabus. The Plaintiffs did not allege that the Defendants acted intentionally or recklessly, and we need not address those issues.

**{¶13}** Accordingly, because the recreational-activity doctrine shields the Defendants from claims of negligence, and because the Plaintiffs did not plead, or offer evidence of, reckless or intentional conduct on the part of the Defendants, the

Plaintiffs cannot demonstrate the requisite conduct to avoid summary judgment. Therefore, the Plaintiffs' first and second assignments of error are overruled, and their third assignment of error is overruled, in part.

{¶14} The Plaintiffs' also assert in their third assignment of error that the attractive-nuisance doctrine creates a higher duty of care. The attractive-nuisance doctrine is a form of tort liability that subjects landowners to "civil liability for physical harm sustained by a child trespasser under certain circumstances where the landowner is aware of an artificial condition on the property that poses an unreasonable risk of death or serious bodily harm to children and the owner is aware that children frequent the area where the condition exists." *Kiracofe v. Ketcham*, 3d Dist. Allen No. 1-05-19, 2005-Ohio-5271, ¶ 14, citing *Bennett v. Stanley*, 92 Ohio St.3d 35, 42 (2001) and Restatement of the Law 2d, Torts, Section 339 (1965).

{¶15} "At common law, the legal duty owed by a landowner to one who enters upon his land was contingent upon the status of the entrant: trespasser, licensee, or invitee." *Carnes*, 2011-Ohio-4467, at ¶ 14, citing *Shump v. First Continental-Robinwood Assoc.*, 71 Ohio St.3d 414, 417 (1994). "In addition to the traditional categories of invitee, licensee, and trespasser, the Ohio Supreme Court has included the category of social guest." *Howze v. Carter*, 9th Dist. Summit No. 24688, 2009-Ohio-5463, ¶ 18, citing *Scheibel v. Lipton,* 156 Ohio St. 308, 329 (1951). "A social guest is someone the owner or occupier of land invites

onto the property for the purpose of social interaction." *Id.*, citing *Scheibel* at 329 and *White v. Brinegar,* 9th Dist. Summit No. 16429, 1994 WL 232692, *2 (June 1, 1994). "The duty owed to a social guest is less than that owed to a business invitee, but more than that owed to a mere licensee." *Id.*, citing *White* at *2, citing *Zenisek v. Haycook,* 3d Dist. Marion No. 9-93-39, 1994 WL 29861, *3 (Jan. 27, 1994). The parties do not dispute that James was a social guest—that is, the Defendants invited James to their residence to play in their backyard while James' parents went shopping.

{¶16} The attractive-nuisance doctrine does not apply to this case because James was not a trespasser on the Defendants' property. *Kinnison*, 2013-Ohio-5715, at ¶ 16. In addressing the applicability of the attractive-nuisance doctrine in a similar scenario to the facts presented in this case, the Tenth District Court of Appeals noted:

> [T]he doctrine is inapplicable here, first because the Kinnison children were guests and not trespassers on the property. In addition, the recreational-use doctrine acts as a complete bar to an action for negligence because, as a matter of law, the courts have held that, under these types of circumstances, there is no duty and therefore no claim exists for negligence [since] the child's perception of the risk inherent in a recreational activity is not part of the analysis under the recreational-use doctrine.

*Id.*

{¶17} Therefore, the Plaintiffs' third assignment of error is further overruled because James was not a trespasser and negligence cannot be established under the attractive-nuisance doctrine.

{¶18} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

***Judgment Affirmed***

**ROGERS, P.J. and SHAW, J., concur.**

**/jlr**